AUGUST FISHER

v.

ANDREW SIEVRES.

LOST RECORD—*how restored—chancery jurisdiction.* Where the record of an unsatisfied judgment is destroyed, chancery will not entertain jurisdiction to restore to the judgment creditor the benefit of his judgment, for the reason there is an adequate remedy at law, by motion, in the court in which the judgment was rendered, to supply the record.

APPEAL from the Circuit Court of Cook county.

Messrs. STORY & KING, for the appellant.

Mr. JOHN LYLE KING, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The bill in chancery in this case, filed in the circuit court of Cook county, sets forth that on the 2d day of August, 1871, in a suit at law, wherein Sievres was plaintiff and Fisher defendant, a judgment was recovered by the former against the latter in the said circuit court for the sum of $125, and that on the 9th day of October, 1871, the court house in the city of Chicago, together with all the books, papers and records of said court, and of its clerk's office, among which were the files and the record of said suit and said judgment, was wholly consumed and destroyed by fire.

The bill further alleges that no execution ever issued on the judgment; that the court had denied a motion for an order that execution issue on it, and prays that the judgment be made and declared a decree of the circuit court, or that Fisher be declared indebted to the complainant in the amount of the judgment, and be decreed to pay the same, or that execution issue against Fisher.

The bill waived the answer of the defendant, under oath. The court rendered a decree against Fisher for the amount of the judgment.

He appeals, and makes the objection that the bill should have been dismissed, because there was a complete remedy at law.

A court of equity not unfrequently takes jurisdiction in the case of lost or destroyed instruments of evidence, under the familiar head of equity jurisdiction arising from accident; but it is not every case of accident which will justify the interposition of a court of equity.

The jurisdiction will be exercised only when a court of law can not grant suitable relief. 1 Story Eq. Jur. sec. 79.

In the case of lost instruments of writing under seal, equity interposes, for the reason that, until a recent period, the doctrine prevailed that there could be no remedy on a lost bond, in a court of common law, because there could be no *profert* of the instrument, without which the declaration would be defective; and as the jurisdiction was originally assumed for that reason, it is still retained. And in the case of lost negotiable securities, where the purposes of justice may require that a suitable bond of indemnity should be given, a remedy may be had in equity, where an offer of indemnity may be made and the indemnity be provided for.

We apprehend the bill must always lay some ground besides the mere loss of the instrument of evidence, to justify the interposition of a court of equity to grant relief. 1 Story Eq. Jur. sec's 84 and 86.

No other ground is here laid besides the destruction of the record. It does not appear wherin a court of law could not grant the needed relief, where, as here no more is sought than a decree for the payment of the amount of a judgment and process for its collection. We do not pereeive why an action at law might not as well have been brought upon this judgment as a suit in equity; why the same evidence would not have been admissible in the one

court as in the other, and why the same proof that would have justified a decree in chancery for the amount of the judgment would not have warranted a judgment at law for the recovery of the same amount.

Besides, there was a remedy at law, by motion in the court in which the judgment was rendered, to supply the record.

We are of opinion the bill should have been dismissed, because there was an adequate remedy at law.

The decree is reversed and the bill dismissed without prejudice.

*Decree reversed.*

Mr. CHIEF JUSTICE LAWRENCE, Mr. JUSTICE SCOTT and Mr. JUSTICE THORNTON, dissent.

Mr. JUSTICE BREESE: I concur in holding the remedy was complete at law by motion in the court in which the judgment was rendered.