REINHOLD GOETZ ET AL.

v.

JACOB KOEHLER.

1. SUPPLYING LOST RECORD.—Every court of general jurisdiction has inherent power to supply its own lost or defaced records.

2. SAME—WHAT NECESSARY TO SHOW.—Upon a motion to restore to the files a portion of the record which has been lost, all that is necessary to entitle the party to the relief asked for, is proof that such record once existed and that it has disappeared and can not be produced. The evidence in this case justified the court below in granting leave to plaintiff to restore the record by filing a copy of the entry of appearance.

ERROR to the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed October 27, 1886.

Mr. CLARENCE F. DORE, for plaintiffs in error.

Mr. LAWRENCE M. ENNIS, for defendant in error.

BAILEY, J.   In this case Jacob Koehler brought suit against Reinhold Goetz and Gustav Stade, before a justice of the peace, where a trial was had and a judgment rendered in favor of the plaintiff for $200 and costs.   The defendants thereupon took an appeal to the superior court by filing their appeal bond in the office of the clerk of that court.   Afterward, at the June term, 1886, of said court, said cause was called for trial, and neither party appearing, the appeal was dismissed at the defendants' costs for want of prosecution, with ten per cent. damages for delay, and a *procedendo* was awarded to the justice.

The appeal was taken December 11, 1885, and the transcript from the justice was filed in the superior court the same day, but the record originally filed in this court failed to show any service of summons on the plaintiff, or any entry of appearance by him, more than ten days before the first day of said June term.   A supplemental record has now been filed, from which it appears that since the filing of the original record, an

order has been entered in the court below, on motion of the plaintiff, giving him leave to restore to the files a copy of a written appearance filed by him, as he claims, on the 28th day of May, 1886, that being ten days before the first day of said term.

If it be true that the plaintiff's appearance was entered in writing ten days before the June term, the court had jurisdiction to dismiss the appeal, and there was no error in its so doing. The supplemental record shows such entry of appearance, and the only question to be considered is, whether any error was committed by the court in granting leave to the plaintiff to restore to the files a copy of the entry of appearance claimed to have been filed May 28, 1886.

It can not be doubted that every court of general jurisdiction has inherent power to supply its own lost or defaced records. Douglass v. Yallop, 2 Burrow, 722; Jackson v. Hammond, 1 Caines' Cas., 496; Deshong v. Cain, 1 Duvall, 309; McLendon v. Jones, 8 Ala. 298; Doswell v. Stewart, 11 Id. 629; Adkinson v. Keel, 25 Id. 551; Pruitt v. Pruitt, 43 Id. 73; Pierce v. Thackery, 13 Fla. 574; Fisher v. Sievres, 65 Ill. 99; Freeman on Judgments, Sec. 89.

The affidavit of the plaintiff's attorney filed in support of his motion to restore to the files the lost entry of appearance states in substance, that on the 28th day of May, 1886, he filed in the office of the clerk of the superior court, the plaintiff's entry of appearance in this case in writing, and at the same time paid to said clerk $1.50 as an appearance fee; that at the time the appeal was dismissed, the plaintiff and his counsel were present and ready for trial, and that said entry of appearance was then on file. In opposition to said motion the defendants filed three affidavits, of which one was by an employe in the office of the defendants' attorney, stating that on the 28th day of May, 1886, in the fore part of the day and again at about three o'clock in the afternoon, he examined the files in the cause at the request of said attorney, and found no entry of appearance on file, and that on the latter occasion he inquired of the clerk in charge and was informed that no appearance had been filed. The second affidavit was by another attorney

who says that on the 30th day of June, 1886, the day the appeal was dismissed, at about a quarter before ten o'clock in the forenoon, he examined said files at the request of the defendants' attorney, and that at that time no entry of appearance was on file among the papers; that not being able to remain in court, he called the attention of the clerk of the court to the want of an appearance and asked him to have the cause continued should it be reached, to which the clerk responded, "All right," whereupon the affiant went away.    The third affidavit is by the defendants' attorney, who states that about one week before the appeal was dismissed, he examined said files and found no appearance of the plaintiff on file, and that to the best of his knowledge and belief no such appearance was ever filed.

It is very possible that the foregoing affidavits, if they had been filed by the defendants in support of a motion to set aside the default, might have been sufficient to warrant the court in granting them that relief.    Such motion would have been addressed to the sound discretion of the court, or, in other words, to that equitable jurisdiction which courts of law exercise over their own judgments.    But this is not a motion of that character.    It is a motion to restore to the files a portion of the record which has been lost, and all that is necessary to entitle the party to the relief asked for is proof that such record once existed, and that it has disappeared and can not be produced.

It is not disputed that the plaintiff's original entry of appearance is not now among the files and can not be found. The only question, then, for the court below to determine from the evidence was, whether it was in fact filed May 28, 1886, as claimed by the plaintiff.    On that question the affidavit of the plaintiff's attorney is positive and explicit, and his testimony is not directly disputed by any of the affidavits filed by the defendants.

The affidavit of their first witness merely shows the absence of the entry of appearance from the files as late as three o'clock P. M. of May 28th, but as the affidavit of the plaintiff's attorney does not attempt to fix the hour of the day at which it was

filed, there is no real contradiction between the two witnesses. The entry of appearance may have been filed after three o'clock P. M., and so the statements of both affiants may be true. Of the other affidavits for the defendants, one shows that the files were examined the morning of the day on which the appeal was dismissed, and the other that they were examined about a week before that time, and that the entry of appearance was not found among the papers on either occasion. While these affidavits standing alone would doubtless tend to show that the paper had not been filed, yet they do not furnish such clear contradiction of the evidence furnished by the affidavit of the plaintiff's attorney as would warrant us in holding that the court below, in passing upon this issue of fact, decided contrary to the preponderance of the evidence. The fact that the paper was not among the files on either of these two occasions may be explained upon various theories consistent with the truthfulness of the testimony of the plaintiff's attorney that he filed it May 28th.

We are of the opinion that the decision of the court finding that an entry of appearance had been filed as claimed by the plaintiff, and giving him leave to restore the record by filing a copy of such entry of appearance, was justified by the evidence. It follows from this conclusion that all the other errors assigned by the defendants must be overruled. The judgment will therefore be affirmed.

Judgment affirmed.