## Herbert D. Blakemore and Clara W. Blakemore v. John H. Wilson, William A. Ross, John E. Blakemore, George W. Kretzinger, and The Moline Buggy Co.

1. APPEALS— *What is a Final Order.*—A proceeding to restore a lost record is effectually and finally ended by striking the application from the files. An appeal lies.

2. LOST RECORDS—*Inherent Power of Courts to Restore.*—The power to restore its lost records is inherent in every court of general jurisdiction. Such power is also conferred by the act to provide for the restoration of records which have been lost or destroyed.

3. RECORDS—*Power of the Court Over Fraudulent Interpolations.*— Courts have power to protect its records and may expunge false and fraudulent interpolations.

Blakemore v. Wilson.

**Application to Restore Lost Records.**—Appeal from the Circuit Court of Rock Island County; the Hon. ARTHUR A. SMITH, Judge, presiding. Heard in this court at the May term, 1895.   Reversed and remanded. Opinion filed December 10, 1895.

ADAIR PLEASANTS and W. H. GEST, attorneys for appellants, contended that a court of general jurisdiction has inherent, common law power to restore its own lost or destroyed records.   Goetz v. Koehler, 20 Ill. App. 234; Fisher v. Sievers, 65 Ill. 99.

There is also power conferred by statute.   S. & C. St., Ch. 116, Records.

Depositions in a chancery case are as much a part of the record as the final decree.   Heacock v. Hosmer, 109 Ill. 245; Smith v. Newland, 40 Ill. 100; Ferris v. McClure, 40 Ill. 99; Baird v. Powers, 131 Ill. 66; U. S. Express Co. v. Meints, 72 Ill. 293; Ryan v. Sanford, 133 Ill. 291.

SWEENEY & WALKER and GEORGE W. KRETZINGER, attorneys for appellees.

MR. PRESIDING JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

Appellants made application to the Circuit Court by motion in writing, supported by affidavits, for the restoration of portions of the record in this cause, alleging that the same had been lost or destroyed without their fault or neglect, and giving the substance of records so claimed to have been lost or destroyed.   The appellee John H. Wilson entered his appearance specially for that purpose alone, and moved to strike appellants' application from the files for want of jurisdiction in the court to hear and determine it. The latter motion was sustained, and appellants' application was stricken from the files.   From that order appellants prayed an appeal to this court, which was allowed.

Appellee moved to dismiss the appeal, and the motion was taken with the case.   It is argued that the order was not appealable because it settled no right of the parties and was not a final disposition of the case.   The original cause

had been heard and finally determined in the Circuit Court. The proceeding to restore the record was effectually and finally ended by striking the application from the files. The order was a final adjudication upon the right of appellants, and we think that there was a right of appeal. The motion to dismiss the appeal is overruled.

There seems to be no doubt that the court had jurisdiction to hear and determine the question involved. The power to restore its lost records is inherent in every court of general jurisdiction. Goetz v. Koehler, 20 Ill. App. 233; Fisher v. Sievers, 65 Ill. 69. Power was also conferred on the court by the act to provide for the restoration of court records which have been lost or destroyed, in force March 19, 1872. Rev. Stat., Chap. 116.

The argument for appellees is that the application was a motion to amend a record, and that there was no jurisdiction to act in the matter because the term at which the record was made had passed. This is a misapprehension. The restoration of a record that once existed, but is now lost or destroyed, is not an amendment or alteration of a record, and should not be confounded with such an amendment.

Appellants had a right to the judgment of the court on the question whether the record had existed, and been lost or destroyed, and if so what the substance of it was, and it was error to refuse to act on account of a supposed want of jurisdiction.

Appellees made a motion in the Circuit Court to expunge from the record of the proceedings had in that court upon the application for restoration, a false jurat appearing in such record. It was shown to the court that it was false, and that it had been interpolated in the record by the clerk of the court in vacation on November 15, 1894, and dated November 9, 1894, so as to appear to have been made in term time. These facts were not contradicted or questioned in any manner, but the court denied the motion, and from that order an appeal was taken.

A motion was made to dismiss that appeal and was taken

with the case. It is contended that the motion was to amend a record after the term, and that no amendment could be made in the absence of a memorial paper or minute from which the fact could be ascertained. The motion was not to amend or change a record made by the court, but to expunge a false and fraudulent interpolation from the record which had neither been made or authorized by the court. That the court had power to protect its records from such acts we think can not be doubted. The false jurat was inserted in vacation, and the motion to expunge was made at the next term, and was in apt time.

As there was no denial of the fact, and no room for doubt or latitude for discretion, we think that it was error to deny the motion. The motion to dismiss the appeal from the denial of appellees' motion is overruled.

The orders appealed from will be reversed, and the cause remanded.