### The People of the State of Illinois, Defendant in Error, v. Maclay Hoyne, Plaintiff in Error.

### Gen. No. 20,759.

1.   APPEAL AND ERROR, § 784*—*when matters of not formally given in evidence may be incorporated in bill of exceptions.* Semble, that matters which transpire in the presence of the court, rules of court and generally those matters of which the court takes judicial notice, may be incorporated in the bill of exceptions, even though not formally given in evidence.

2.   APPEAL AND ERROR, § 784*—*what matters cannot be incorporated in bill of exceptions by order of court.* Statements of acts and trans-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

actions not occurring in the presence of the court, and writings not presented to the court while in session and not shown by the evidence, cannot be incorporated in the bill of exceptions by order of the court.

3. CONTEMPT, § 30*—*when criticisms of past conduct of judge not criminal contempt.* Criticisms of the conduct of a judge of the Superior Court when sitting as a judge of the Criminal Court of Cook county, relative to his acts in summoning and continuing a special grand jury and appointing a Special State's Attorney, do not constitute criminal contempt of such judge when made after the judge was no longer sitting as a judge of the Criminal Court, and when none of the indictments returned by such special jury were pending before him and without reference to a trial on any of such indictments.

Error to the Criminal Court of Cook county; the Hon. WILLIAM FENIMORE COOPER, Judge, presiding. Heard in this court at the October term, 1914. Reversed. Opinion filed November 1, 1915.

EVERETT JENNINGS and S. S. GREGORY, for plaintiff in error.

JOHN E. NORTHUP, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

This writ of error brings in review a judgment of the Criminal Court of Cook county, whereby respondent Hoyne, State's Attorney of Cook county, plaintiff in error here, was adjudged guilty of a contempt of that court, fined five hundred dollars and committed to the county jail for ten days therefor.

By order of Judge Cooper, a judge of the Superior Court, then sitting in the Criminal Court, entered May 29, 1913, a special grand jury was called to inquire into the matters pertaining to the choice of a State's Attorney at the election of November 5, 1912, and John E. Northup was appointed Special State's Attorney.

May 28, 1914, respondent made a speech before a certain club in Chicago. The information filed by the Special State's Attorney July 9, 1914, alleged that said special grand jury had been continued from time to time up to the time of the filing of the information and

still had certain duties to discharge in relation to the things and matters it was impaneled to consider; that it had returned indictments against certain persons, charging them with the commission of crimes in connection with said election, and that a number of said indictments were still pending and undisposed of; that in said speech respondent, "wrongfully, unlawfully, maliciously and contemptuously, for the purpose and with the intent of bringing said court in which the proceedings aforesaid were had, and Judge Cooper, who was the judge presiding over said court, into disrepute and ridicule, and to cause the people to have a feeling of contempt of said court and said judge, and for the purpose of causing it to be believed that said court and said judge were corrupt and influenced by corrupt motives in and about said matters, and for the purpose of impairing the reputation of said court and of said judge for integrity, honesty and efficiency in the administration of public justice, and for the purpose of thwarting the due administration of justice in said court as to said matters, and with the intent wilfully and contemptuously to oppose the proceedings and hinder the due administration of justice in said court concerning the matters then and there pending in said court, as aforesaid, and for the purpose of interfering with the prosecution and trial of defendants on the indictments pending as aforesaid, and to influence the verdicts of jurors before whom said prosecutions would come in the due administration of justice," did make certain statements in the information set forth. The information further alleged that respondent said that Judge Cooper was prejudiced against him and that he gave reasons why he was prejudiced; that the application to Judge Cooper for impaneling a special grand jury and the appointment of a Special State's Attorney was made in bad faith and was a plot to injure respondent politically; that said grand jury had no further work to do, but had been continued

from month to month for political purposes; that respondent further said that Judge Kersten, thirty minutes before the order aforesaid was entered by. Judge Cooper, had entered a similar order, and put the question: Why did Judge Cooper enter the order? The information also alleged that in a newspaper report of said speech it was stated that respondent said that Judge Cooper was a "crook"; that Judge Cooper sent a letter of inquiry to respondent May 29, 1914, asking him if he made such an utterance as reported, and in answer to such letter respondent sent Judge Cooper a letter, which is set out in full in the information. In one of the interrogatories respondent was asked if he received a copy of Judge Cooper's letter and if he made the reply thereto set out in the information, and in answer thereto said that he did receive the letter and made the answer set out in the information, and stated that the matter and statements in the letter are true; that it contained, in substance, a correct report of his speech and of what he said on that occasion, and denied that he made any other or different statement in regard to Judge Cooper on that occasion than those in the letter contained, and averred that the statements he then made in respect to matters of fact were true. It is not charged that the statement alleged to have been made by respondent that Judge Cooper was crazy was made with any evil intent, and it may be disregarded, as may the statement that Judge Cooper was a "crook," which respondent denied that he made.

Respondent was ruled to answer the interrogatories and moved to discharge the rule on the ground of the insufficiency of the information in point of law. The motion was denied and a rule entered requiring informant to file interrogatories to be answered by the respondent, and the respondent was ruled to answer. Interrogatories were filed, and the respondent, having filed sworn answers thereto, moved to discharge the rule and dismiss the proceedings upon his sworn

answers. This motion was overruled, defendant excepted, and afterwards the judgment which it is sought to reverse was entered. At the time the judgment was entered Judge Cooper filed a long opinion, in which he stated many facts not in the record, and directed that his opinion and a letter from respondent to the then chief justice of the Superior Court dated February 17, 1913, which had not been offered in evidence and had not appeared in the record in any way, be made a part of the record.

The question presented is not as to what matters may be brought into a bill of exceptions. No doubt what transpires in the presence of the court, rules of court and generally all matters of which the court takes judicial knowledge, need not be formally given in evidence, but may go into the bill of exceptions. But statements of acts and transactions not occurring in the presence of the court, or writings not presented to the court while in session and not shown by the evidence, cannot be brought into a bill of exceptions nor can they be made a part of the record by the order of the court. In deciding this case we can only consider the information, supporting affidavits, interrogatories and sworn answers thereto. It appears from the record that at the time the speech in question was made, Judge Cooper was not sitting in the Criminal Court of Cook county, but was sitting in the Superior Court of Cook county, of which he is a judge. Rule 13 of the Criminal Court provides that the chief justice shall exercise the general administrative powers of the court, have charge of the calls of the docket, assignment of cases to the several branches and preparing of trial calendars or lists of cases. It is true that Judge Cooper was, under the provisions of the constitution, *ex officio* a judge of the Criminal Court, but so were all of the judges of the Circuit and Superior Courts, and any one of such judges might have been assigned to the Criminal Court and the indictments returned by

the special grand jury placed on his trial calendar for trial. We think that the respondent might properly consider Judge Cooper's connection with the calling of a special grand jury and the appointment of a Special State's Attorney as a matter then concluded and at an end, and his remarks, so far as they could be considered a criticism of Judge Cooper, a criticism of him in respect of conduct then past, in a matter then concluded.

In *Storey v. People,* 79 Ill. 45, it was held that it is not admissible, under our constitution that a publication, however libelous, not directly calculated to hinder, obstruct or delay courts in the exercise of their proper functions, shall be treated and punished summarily as a contempt of court; that the utterance of a slander or the publication of a libel on a judge in relation to an act done by him in his official capacity, but which had no tendency directly to impede, embarrass or obstruct the courts in the exercise of their proper functions, cannot be summarily punished as a contempt of court. There is in the information no allegation that the utterances therein charged as a contempt of court were calculated to prevent the obtaining of a competent petit jury to try any of the defendants against whom indictments had been returned by the special grand jury, or that the judge, whoever he may be, whose duty it will be to preside during such trials will in any wise be affected thereby in the discharge of his duty.

The speech of the respondent, so far as it related to Judge Cooper, consisted entirely of criticisms of his past conduct while sitting in the Criminal Court of Cook county. To the argument that criticism of Judge Cooper might tend to affect unfavorably the cause of the State in any of the indictments returned by the special grand jury which might be brought for trial before him, the answer is, that in the *Storey* case, *supra,* indictments had been returned against Storey which

were still pending when he grossly libeled and abused the grand jury which had returned the indictments. In this case it appears from the record that no one of the indictments was pending before Judge Cooper, and nothing respondent said related in any way to a trial on any one of such indictments. The question is not whether the respondent slandered Judge Cooper, but whether a criminal contempt of court was committed by him. Our conclusion, after such careful consideration of the case as its importance demands, is that the respondent was not guilty of criminal contempt, and the judgment will therefore be reversed.

*Reversed.*