FOURTH DISTRICT—FEBRUARY, 1927.     505

Threldkeld Grocery Co. v. United States Fire Ins. Co., 243 Ill. App. 505.

## Threldkeld Grocery Company, Appellee, v. United States Fire Insurance Company, Appellant.

1. EQUITY—*grounds for jurisdiction.* The loss of a policy of fire insurance which is not under seal does not of itself give a court of equity jurisdiction of a suit to collect on the policy for fire loss.

2. EQUITY—*inadequacy of legal remedy.* After plaintiff had lost his fire insurance policy on his store building, had sold the building receiving back a mortgage, had with the mortgagor notified the insurance agents of the sale and mortgage and loss of the policy and asked them to copy the policy with indorsements to protect owner and mortgagee to which the agents agreed, he had a right to invoke equity to collect his loss as mortgagee, for law afforded no adequate relief.

3. COURTS—*conflict of jurisdiction.* An action of assumpsit on an insurance policy, abandoned upon transfer by leave of court to the chancery docket, does not operate to bar a bill for equitable relief on the theory that the common-law court having acquired jurisdiction would retain it.

Appeal by defendant from the Circuit Court of White county; the Hon. JULIUS C. KERN, Judge, presiding. Heard in this court at the October term, 1926. Affirmed. Opinion filed February 19, 1927.

ELWYN R. SHAW, JOHN R. MACNEIL and CONGER & ELLIOTT, for appellant.

ENDICOTT & ENDICOTT, HARRY ANDERSON and JOHN M. ECKLEY, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.
A bill in equity was filed by appellee in the circuit court of White county against appellant setting forth that on December 5, 1922, appellant issued a policy of fire insurance covering a frame store building then owned by appellee in Carmi, Illinois, for $1,100, and a certain barn or stable for $100; that said policy was thereafter misplaced or lost by appellee; that on May 28, 1923, appellee sold said premises to one Orville

Barnett and took a mortgage back on the same for $1,460 to secure a part of the purchase price; that appellee thereupon notified McAllister and Becker, local agents of appellant company, of the sale of said property and of the mortgage back to appellee, and requested said agents to cause the proper indorsements to be made on said policy showing the transfer of said premises to Barnett and to protect appellee as such mortgagee, and averring that said agents promised so to do, and further agreed to deliver to Barnett a copy of said lost policy, with said indorsements; that on July 25, 1923, said store building was destroyed by fire, and that notice thereof was given said agents by appellee and Barnett. Said bill prayed that appellant be required to prepare and produce a copy of said policy, and to attach thereto said indorsements showing the assignment of said policy to Barnett as the owner of said premises and with the proper loss clause to appellee as mortgagee.

To said bill appellant filed an answer, admitting the execution of said policy, but denying that it had been notified of the transfer of said property to Barnett or of the mortgage from Barnett to appellee, and averring that the transfer of said property and the making of said mortgage without notice to appellant, under the provisions of said policy, rendered the same null and void. Said answer further averred that appellee had an adequate remedy at law.

A hearing was had before the chancellor in open court, a finding was made in favor of appellee and a decree was rendered against appellant for $1,100, and awarding execution if the same was not paid within 60 days. To reverse said decree, appellant prosecutes this appeal.

The suit was originally brought in assumpsit, but by leave of court said cause was transferred to the chancery docket, and the bill above-mentioned was filed, with the answer thereto. While other errors were

assigned, the only one discussed by counsel for appellant in his brief is the one raising the question as to whether or not a court of equity has jurisdiction in this proceeding.

It is first contended by counsel for appellant that the policy sued on, not being under seal, its loss does not in and of itself give a court of equity jurisdiction.

This statement of the law we concede to be correct. *Fisher v. Sievres,* 65 Ill. 99; *Clingman v. Hopkie,* 78 Ill. 152; 10 R. C. L. 37. It will be observed, however, that the loss of the policy of insurance in this case is not the only ground on which appellee relies for equitable relief. The bill alleges, and the testimony on the part of Threldkeld is to the effect, that not only was the policy of insurance lost, but that after its loss and the sale of said premises by appellee to Barnett, appellee and Barnett called on appellant's agents and notified them of the loss of said policy and the sale of said premises, and also of the making of the mortgage from Barnett to appellee, with a request that said agents prepare a copy of said policy with the necessary indorsements so as to protect Barnett as owner and appellee as such mortgagee, and that said agents agreed to attend to the matter.

An examination of the demurrer filed by appellant to the declaration in the assumpsit suit will disclose that it specifically raises the point that appellee's declaration was not good for the reason that it failed, after having alleged the sale of said premises, to aver that said policy had been assigned to Barnett and a loss clause in favor of appellee had been attached to said policy, in other words, the demurrer disclosed deficiencies in appellee's declaration of a character which it was impossible for appellee to meet in a common-law suit. Had the policy as originally issued been produced on the trial of said common-law suit, it would not have made out a case in favor of appellee, even though the other necessary proofs had been made.

Counsel for appellant in their brief cite the case of *People v. Small,* 319 Ill. 437. In that case the court at page 444 in discussing the juridiction of courts of equity says:

"It may be stated as a general rule that courts of equity will not entertain jurisdiction of suits for accounting where law courts are competent to afford an adequate and ample remedy, (*County of Cook v. Davis,* 143 Ill. 151,) but where there is a clear right and there is no adequate remedy at law, or where the remedy is not plain, adequate and complete and adapted to the particular exigencies, equity will take jurisdiction. (*Townsend v. Equitable Life Assurance Society,* 263 Ill. 432; Story's Eq. Pl.—6th Ed.—sec. 473; Pomeroy's Eq. Rem.—2nd Ed.—sec. 930.) The remedy at law which precludes relief in equity must be as practical and efficient to the ends of justice and its prompt administration as the remedy in equity. (Fletcher's Eq. Pl., sec. 208.)"

To the same effect is *Warfield-Howell Co. v. Williamson,* 233 Ill. 487-497; *Parkhurst-Davis Mercantile Co. v. Merchant Underwriters at the Indemnity Exchange,* 237 Ill. 492; *People v. Bordeaux,* 242 Ill. 327.

We are of the opinion and hold that the record in this case presents a case for equitable relief.

It is also contended by counsel for appellant that, suit having been originally instituted on the common-law side of the docket, the court having taken jurisdiction would retain it to the exclusion of a court of equity, even though a court of equity might also have concurrent jurisdiction with a court of law. That principle does not apply here, for the reason that the common-law suit was abandoned, on leave having been given to transfer the cause to the chancery side of the docket.

We are further of the opinion, from the examination we have made of the record, that the case was also rightly decided on the merits,

For the reasons above set forth, the judgment and decree of the trial court will be affirmed.

*Decree affirmed.*