Julia Hickey, Appellant, v. Anna Hickey, Guardian of Mary Margaret Hickey, Minor, Appellee.

Gen. No. 9,099.

Opinion filed
April 20, 1938.

LE FORGEE, SAMUELS & MILLER, of Decatur, for appellant.

EVANS & KUHLE, of Decatur, and DOUGLAS R. DEWEY, for appellee.

MR. PRESIDING JUSTICE FULTON delivered the opinion of the court.

This is an appeal from an order entered by the county court of Macon county, dismissing the petition of Julia Hickey, appellant herein, filed in the matter of the guardianship of Mary Margaret Hickey, a minor. The sole question on this appeal was the propriety of the action of the county court in dismissing said petition.

The subject matter of the petition dismissed by the county court, and from which order the appellant appeals, was a request for leave to file copies of the report of a guardian's sale of real estate, and the order approving the same, which the petition alleged had been filed in the cause but were lost or misplaced.

The petition set forth that Anna Hickey, as guardian of Mary Margaret Hickey, a minor, on the 4th day of September, 1925, presented her petition to the county court requesting that an undivided interest of the minor in certain real estate be sold; that the court subsequently entered a decree for the sale of said interest; that said property was sold pursuant to said order as provided by law to the appellant and Mary Hickey; that a guardian's deed was executed and delivered to the appellant and Mary Hickey on the 28th day of November, 1925, and filed for record; that a report of sale of said real estate was filed in the county

court and an order approving the same on or about the 28th day of November, 1925; that the said report of sale and order approving the same are now lost or misplaced and do not appear in the files in said cause; that appellant has caused a search to be made of the books and records in the office of the clerk of the county court of Macon county and that the said report of sale and said order approving the same have not been found. Copies of the original report of sale and of the order approving the same were attached to the petition which prayed that an order be entered in lieu of, and with the same force and effect as the original instruments which are now lost.

The petition was verified by the affidavit of John R. Fitzgerald, the attorney for the guardian at the time of the sale, and the affidavit of the county clerk that he had made search of his files and records and that he has not found the report of sale and the order approving the same.

The appellee filed a motion to dismiss the petition on the grounds that the petitioner failed to state that the report of sale was entered on the records of the court; that the allegations of the petition are not supported by any minutes or memoranda of the records of said court or of the judge of said court; that the allegations of the petition rests in parol only; that the report of sale is not a "pleading or paper" within the meaning of the statute; that the order prayed for would impeach the records of the court; and that the petition does not set forth any facts upon which the court has any authority or jurisdiction to grant the prayer thereof.

It is the contention of the appellee that the court properly dismissed the petition of the appellant for the reasons set forth in the motion to dismiss and in support of their position cite *Tynan v. Weinhard,* 153 Ill. 598, and *Stein v. Meyers,* 253 Ill. 199. In both these

cases it is definitely held that an order of court should not be entered *nunc pro tunc* years after it was said to have been made when there is no written evidence that any such order was in fact made. It is well settled in this State that amendments of the record will not be allowed after the close of the term at which the record was made, unless there are some memoranda, minutes, or notes of the judge or something appearing on the record or files, to amend by.

We do not feel that the said authorities are controlling on a petition to restore lost files which are alleged to have been lost or misplaced. In this case, by filing her motion to dismiss appellant's petition, the appellee admitted all of the facts well pleaded in the petition. One of the positive allegations in the petition was, that the report of the sale of real estate and the order of the court approving the same was filed in the office of the county clerk of Macon county on or about November 28, 1925. It has long been the rule that courts of record generally have inherent power to restore or substitute papers, files and records of the court which have been lost or destroyed. Freeman on Judgments, section 191. Black on Judgments, section 125. In the case of *Fisher v. Sievres,* 65 Ill. 99, where a bill in chancery was filed to restore to the judgment creditor the benefit of his judgment where the books, papers and records of said court had been wholly consumed and destroyed by fire, the court refused to entertain jurisdiction because the plaintiff had an adequate remedy at law by a motion in the court where the judgment was rendered to supply the record. In the case of *Blakemore v. Wilson,* 61 Ill. App. 454, the court held that the power to restore its lost record is inherent in every court of general jurisdiction.

In no case do we find a positive rule of law requiring that a memorandum or minute be available upon which to restore a lost pleading or paper. It seems to us

that the appellee should have been required to answer the allegation in the complaint above set forth concerning the filing of the report of sale and order approving the same and that the same had been lost or misplaced. The appellant is entitled to the judgment of a court or a jury as to whether or not she has sufficient proof upon which to base an order restoring the lost files, and it is then for the court to determine whether or not there is sufficient evidence upon which an order to restore the lost files may be entered. Believing that the allegations of the petition state sufficient facts to require an answer from the appellee, the order of the county court of Macon county will be reversed and the cause remanded for the purpose of settling the issues and affording further trial in that court.

*Reversed and remanded with directions.*