Leonard Martinez, Appellant, v. John Seymour, and Ollie Hebert, Appellee.

Gen. No. 45,692.

Opinion filed September 24, 1952. Released for publication October 15, 1952.

ARTHUR S. GOMBERG, of Chicago, for appellant; SAMUEL NINEBERY, of counsel.

BLOCK & SOLOMON, of Chicago, for appellee; IRVING L. BLOCK, of Chicago, of counsel.

MR. JUSTICE FEINBERG delivered the opinion of the court.

According to the notice of appeal appearing in the record, plaintiff appeals from an order denying his petition ''to correct the record in this cause and quashing service of summons on defendant Ollie Hebert, and dismissing the said Ollie Hebert as a defendant. The plaintiff-appellant prays that the said order be re-

versed or reversed and remanded with directions to correct the record in this cause.''

Plaintiff filed this action originally against defendants John Seymour and Freddie Williams for personal injuries resulting from alleged negligence on the part of Seymour, acting as agent for defendant Williams in the operation of an automobile belonging to Williams. Defendant Williams appeared and filed an answer, denying the alleged negligence and agency of defendant Seymour. Seymour defaulted, and an order of default was entered by the assignment judge of the circuit court assigning the cause for hearing to JUDGE BRISTOW, then sitting in the circuit court.

Upon a hearing had on October 27, 1950, the court entered judgment for plaintiff against defendant Seymour, with a finding that malice is the gist of the action.

On December 8, 1950, after term time, plaintiff filed an amended complaint making Ollie Hebert a defendant and alleging that defendant Seymour, acting as servant and employee of defendant Hebert, negligently drove said automobile and injured plaintiff. After summons served upon defendant Hebert, he filed a special appearance for the sole purpose of contesting the jurisdiction of the court and to quash the summons. Plaintiff thereafter, on May 15, 1951, filed his petition to correct the record so as to include in the judgment order of October 27, 1950, that the matter proceed against the other party defendant in the cause. Answers to the petition were filed by defendants Williams and Hebert, alleging that the court lacked jurisdiction to correct the record, and that there are no minutes of the clerk of the court nor memoranda of the judge thereof by which the record could be corrected. Upon a hearing of said petition and answers, the court dismissed the petition, quashed the service of summons

113

upon defendant Hebert, and dismissed the cause as to him.

In *McCord v. Briggs & Turivas,* 338 Ill. 158, 164, it was said:

"While it may not be doubted that the court has power at all times, upon notice given, to reform its records so as to make them speak the truth, whether such action be taken because of a misprision of the clerk or a malfeasance, and such amendments may be made at any time as long as the court has before it the proper memoranda as the basis for its conclusion, (*People v. Holmes,* 312 Ill. 284,) yet an order amending a record after the expiration of the term at which the record is made must be based on some note or memorandum from the records or quasi-records of the court, or on the judge's minutes, or some entry in some book required by law to be kept, or in the papers on file in the cause. It cannot be determined from the memory of witnesses or by the recollection of the judge. The record of the court imports absolute verity, and the note or memorandum which would authorize its amendment after adjournment of the term must necessarily be a note or memorandum which could be said to have been made by the judge or pursuant to a requirement of the judge or of the law. (*Wesley Hospital v. Strong,* 233 Ill. 153.) After the adjournment of a term of court at which a judgment is entered it cannot be set aside or overcome by affidavit. (*Loew v. Krauspe,* 320 Ill. 244; *People v. Weinstein,* 298 id. 264; *Kelly v. City of Chicago,* 148 id. 90.)"

This court in *Parradee v. Blinski,* 342 Ill. App. 292, and *City of Chicago v. Octigan Drop Forge Co.,* 342 Ill. App. 449, followed the rule of *McCord v. Briggs & Turivas, supra.*

 We do not find in this record any minute or memorandum of the judge or any entry in the record

of the court, required by law to be kept, which would satisfy the requirement for correcting the record after term time.

Plaintiff urges that since the record is silent as to any disposition of the cause as to defendant Williams when the judgment order was entered on October 27, 1950, it necessarily follows the cause remained open and undisposed of as to said defendant, and therefore the court retained jurisdiction of the cause to enter the order asked for in plaintiff's petition to correct the record. This contention was decided adversely to plaintiff in *Postal Telegraph-Cable Co. v. Likes,* 225 Ill. 249, where it was held that in actions *ex delicto* taking a judgment against a portion of the defendants amounts to a dismissal of the case as to the residue. This rule was followed in *Pierson v. Lyon & Healy,* 243 Ill. 370, 376.

The judgment of the circuit court is affirmed.

*Affirmed.*

LEWE, P. J. and KILEY, J., concur.