Alice Waldron, a Minor, by Adelaide Waldron, her Mother and Next Friend, Plaintiff-Appellee, v. The Catholic Bishop of Chicago, Defendant-Appellant.

Gen. No. 45,949.

Opinion filed April 22, 1953. Released for publication June 3, 1953.

HUBBARD, HUBBARD & DORGAN, of Chicago, for appellant.

JAMES A. DOOLEY, of Chicago, for appellee.

MR. JUSTICE KILEY delivered the opinion of the court.

This is a personal injury action. The defendant answered that it is insured against liability for the damages sought and that since its purposes are charitable and religious it is not liable beyond the limit of the insurance. June 14, 1951 the cause was dismissed "with prejudice" by signed written order. July 3, 1951 a motion to vacate that order was denied. May 27, 1952 an order was entered vacating both of these orders and dismissing the suit simply, *nunc pro tunc* as of June 14, 1951. Defendant appeals from the order of May 27, 1952.

The order of June 14 recited that counsel for both parties were present and on defendant's motion the cause was dismissed "at plaintiff's costs and with prejudice." The motion of July 3 was denied by the same judge who had dismissed the cause June 14.

March 20, 1952 the plaintiff moved to vacate the order of June 14 on the ground that it was "void on its face." The motion stated that plaintiff had, after the cause was dismissed, filed a new suit on the same cause in the city court of Evanston, Illinois and that defendant had pleaded *res judicata* by reason of the June 14 order. Defendant appeared specially to contest the motion.

May 27, 1952 the same judge who had entered the dismissal order of June 14, 1951 and denied a motion to vacate that order on July 3, 1951, vacated both orders, of June 14 and July 3, and ordered *nunc pro tunc* as of June 14, 1951 a dismissal at plaintiff's costs. The order stated, "said order being void insofar as it declares said cause dismissed with prejudice . . ."

█ No appeal was taken from the order of July 3 denying the motion to vacate. That order was entered within 30 days of the entry of the dismissal order of June 14. The petition on which the order appealed from was entered was presented about eight months after the order it purports to vacate. We cannot consider that petition as one under § 72, Civil Practice Act (par. 196, chap. 110, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 104.072]) because it does not state any facts which the court did not know when the order was entered and which had they been known would have prevented its entry.

█ The order appealed from does not pretend to vacate *nunc pro tunc* the orders of June 14 and July 3. That part of the order is erroneous because there is no basis for its entry after term time.

█ █ The last part of the order dismissing the suit at plaintiff's cost is made *nunc pro tunc*. It is based on a finding that the court orally ordered the cause dismissed simply and that the back of the clerk's file contains the initials D. W. P. There is no question that a court has the power after term time, upon

207

notice given, to reform its records so as to make them speak the truth, where there is a proper memorandum upon which to base the order. *Knefel v. People,* 187 Ill. 212; and *Martinez v. Seymour,* 348 Ill. App. 112. The judge's recollection of what he intended or orally stated eight months previously is not helpful. *Brown v. Hamsmith,* 247 Ill. App. 358. The order actually entered June 14, 1951 was the final determination of the court, which speaks through its record. We think the finding that the symbols D. W. P. made by the clerk on the back of the file is not sufficient to override a written order signed by the judge. The order of June 14 is conclusive as to what was intended and correctly states the court's final decision, as far as the record before us is concerned. There is no justification for changing, or offsetting it, by the purported *nunc pro tunc* order. The order of June 14 stands as it was entered.

■ The record discloses that in defendant's answer to the suit in the Evanston court the order of June 14, 1951 is set up in bar of plaintiff's action. The answer recites the history of plaintiff's suit in the superior court of Cook county terminating in the June 14 order and states that that order "remains in full force and effect and constitutes an adjudication upon the merits of all matters in controversy" between the parties. We infer from plaintiff's position and arguments that she will reply and present the issue whether the June 14 order was an adjudication upon the merits. On this issue defendant will have the burden of showing that the issues presented in the Evanston court suit were determined by the June 14 order. *City of Geneseo v. Illinois Northern Utilities Co.,* 378 Ill. 506.

■ The question of the sufficiency of the order as a bar to plaintiff's suit in the Evanston court is not before us and we shall not anticipate the ruling of that court on this issue.

For the reasons given the order appealed from is reversed.

*Reversed.*

Lewe, P. J. and Feinberg, J., concur.