MASCO JOHNSON, Plaintiff-Appellant, *v.* FIRST NATIONAL BANK OF PARK RIDGE, U/T #205, Defendant-Appellee.

First District (5th Division)   No. 82—2491

Opinion filed April 27, 1984.

Floyd D. Perkins and John F. Eichler, both of Chicago (David D. Albee, of counsel), for appellant.

Jeffrey S. Blumenthal, of Kamm & Shapiro, Ltd., of Chicago, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff appeals from a *nunc pro tunc* order entered on September 14, 1982, amending the half-sheet of the restored file in this case to reflect that a $5,000 personal injury judgment, entered for plaintiff on July 19, 1976, was against the First National Bank of Park Ridge U/T No. 205, and not against the First National Bank of Park Ridge.

After notice of appeal was filed, plaintiff's motion to supplement the record with (1) a set of interrogatories date-stamped by the circuit court on March 31, 1976, which was allegedly served on the defendant, and (2) a photocopy of an executed memorandum of judgment, certified by the Cook County Recorder of Deeds and bearing the recording date of March 20, 1980, was allowed by the trial court on April 22, 1983, as to the interrogatories, but the admission of the memorandum of judgment as a part of the record was denied.

Plaintiff appeals from both the September 14, 1982, and April 22, 1983, orders.

On appeal, plaintiff urges that (1) it was error for the trial court to correct the restored half-sheet *nunc pro tunc*; (2) the First National Bank of Park Ridge is individually liable regardless of the order entered by the trial court on September 14, 1982; and (3) it was error for the trial court in its April 22, 1983, order, to refuse admission of the recorded memorandum of judgment into the record on appeal.

The following facts are pertinent to our decision.

Plaintiff, on or about January 10, 1974, brought a cause of action in tort, in the amount of $5,000 for personal injuries he sustained while on the real estate premises allegedly owned and managed by the defendant First National Bank of Park Ridge, U/T No. 205.

After receipt of an alias summons on or about June 18, 1974, defendant, by its attorney, filed its answer on July 18, 1974, in which

it admitted ownership, operation, maintenance and control of the real estate premises, but denied all other allegations contained within plaintiff's complaint. Further, defendant did not allege a representative trustee capacity at this time.

The record contains only an unexecuted memorandum of judgment, bearing neither a circuit court time-stamp nor the signature of any municipal department judge. The memorandum purports to show that judgment was entered on July 19, 1976, in favor of plaintiff, and as against defendant "First National Bank of Park Ridge," in the amount of $5,000.

On December 7, 1981, the presiding judge of the circuit court of Cook County, municipal department, entered an order that the court clerk restore the lost file of the instant case, per the plaintiff's *ex parte* petition for restoration.

In restoring the file in accordance with plaintiff's petition, the clerk prepared a new half-sheet and placed in the file the following documents: complaint, summons, alias summons and answer—all indicating the defendant as "First National Bank of Park Ridge U/T # 205." The half-sheet, however, named the defendant as "FIRST NATIONAL BANK OF PARK RIDGE." In addition, plaintiff had also requested that answers to his interrogatories be included in the restored file; however, copies of these answers were not found.

On May 12, 1982, almost six years after the entry of the judgment, the plaintiff placed an execution with the Sheriff of Cook County in order to execute upon the defendant, "First National Bank of Park Ridge U/T #205."

The sheriff attempted to attach the general assets of O'Hare International Bank (O'Hare) (which succeeded to the interests of the First National Bank of Park Ridge, and for the purposes of this appeal, assumed its rights and liabilities) as opposed to merely attaching the assets of trust No. 205.

On August 16, 1982, O'Hare moved to quash execution, alleging that the suit was filed against defendant, solely as a trustee, and not against the bank individually; that no effort was made by plaintiff to determine the names or identities of the beneficiaries of said trust; that no execution was taken out until May 12, 1982, six years after entry of the judgment; that all assets of said trust were taken by condemnation in case No. 79L7868, parcel No. RH 33—8, on or about November 1980, and prior to the issuance of execution; and that said trust was a closed trust and assets of the bank not in said trust are not subject to execution. Thereafter, the trial court denied defendant's said motion to quash execution, and it continued the execution against

Northern Trust Bank/O'Hare, successors to O'Hare and First National Bank of Park Ridge.

On August 25, 1982, defendant moved to correct the clerical error entered on the half-sheet, which showed a $5,000 judgment against "First National Bank of Park Ridge." In its motion, defendant contended that the entry of judgment against "First National Bank of Park Ridge" was totally unsupported by any of the official records in the file and was an obvious clerical error in recording the judgment; that the judgment against First National Bank of Park Ridge was void for the reason that the First National Bank of Park Ridge was never served nor named as a party defendant, nor did the First National Bank of Park Ridge ever appear as a defendant in the captioned case; and that any order entered against the First National Bank of Park Ridge in anything other than its capacity in which it was sued as trustee U/T No. 205 is null and void.

Finally, defendant asked the court to correct the half-sheet *nunc pro tunc* to list the judgment debtor as "First National Bank of Park Ridge U/T #205" and to reconsider its August 16, 1982, ruling and quash the outstanding execution against the general assets of O'Hare International Bank.

On September 14, 1982, the trial court amended the entry on the half-sheet made on July 16, 1974, to (1) "correctly reflect the judgment against the 'defendant First National Bank of Park Ridge U/T # 205,' and to reflect that no judgment is outstanding against First National Bank of Park Ridge," and (2) that any relief regarding execution on the correct judgment must be brought before and heard by the correct branch of the circuit court hearing supplemental proceedings.

OPINION

We first consider plaintiff's argument that it was error for the trial court to correct the restored half-sheet *nunc pro tunc* by its order of September 14, 1982.

Plaintiff initially contends that the trial court did not have jurisdiction to enter this order *nunc pro tunc*, as more than 30 days had expired since a final judgment had been entered by the trial court in this matter.

In support of his position, plaintiff cites *Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 165 N.E.2d 294, where the court stated, "A trial court cannot review its own order or judgment and correct the same, either as to any question of fact found or decided by the court or as to any question of law decided by it after the expiration of

thirty days." 18 Ill. 2d 502, 505.

Defendant conversely contends that the law is clear that a trial court retains jurisdiction to enter a *nunc pro tunc* order correcting an otherwise final order or judgment even after the expiration of the term in which the judgment was entered.

A *nunc pro tunc* ("now for then") order is any entry in the present for something previously done, made to make the record speak now what was actually done then. *In re Estate of Bird* (1951), 410 Ill. 390, 398, 102 N.E.2d 329; *Furth v. Furth* (1972), 5 Ill. App. 3d 73, 76, 283 N.E.2d 102.

■ Although we agree that the trial court cannot review its own order or judgment after the expiration of 30 days, we are aware that a court has inherent power to make an entry *nunc pro tunc* at any time, even after the expiration of its term, to correct a clerical error or matter of form so that the record reflects the actual order or judgment rendered by the court when such entry is based upon a definite and certain record. *Kooyenga v. Hertz Equipment Rentals, Inc.* (1979), 79 Ill. App. 3d 1051, 1055-56, 399 N.E.2d 216; *Brody v. Hess* (1979), 75 Ill. App. 3d 402, 394 N.E.2d 570.

"The correction must be based on some note, memorandum, or memorial paper remaining in the file or upon the records of the court; it cannot be based on the recollection of the trial judge or other persons. [Citations.] Moreover this power is limited to entering into the record something which was actually done; it may not be used to supply omitted judicial action, to correct judicial error, or to cure a jurisdictional defect." *In re Marriage of Gingras* (1980), 86 Ill. App. 3d 14, 16, 407 N.E.2d 788, 791.

Defendant cites *Dauderman v. Dauderman* (1970), 130 Ill. App. 2d 807, 263 N.E.2d 708, as an example of the application of the court's power to enter an order *nunc pro tunc*. In *Dauderman*, the plaintiff successfully moved to correct a divorce decree which ordered defendant to pay plaintiff "*** $400 as alimony ***," to read $400 "*per month*." This order *nunc pro tunc* was entered more than 30 days after the divorce decree had been entered. In upholding this order on appeal, the appellate court found, in part, that the very language of the decree "demonstrates that the words 'per month' were inadvertently omitted." 130 Ill. App. 2d 807, 809.

We agree with defendant that the situation in the instant case is very similar to that in *Dauderman*. Aside from the unexecuted memorandum of judgment contained within this record, all other documents contained therein—the complaint, the summons, the alias summons, the appearance and the answer—reflect the defendant as the "First

National Bank of Park Ridge U/T #205." In addition, even the execution (contained in appellee's appendix) issued May 12, 1982, upon plaintiff's direction, shows the defendant as the "First National Bank of Park Ridge U/T #205."

It should be noted here that the judgments of the municipal department are entered only in the court's minute book and upon the half-sheet which is kept in the court file. At the time of the trial court's original judgment for plaintiff on July 19, 1976, the law had been that the half-sheet was merely a memorandum of the court proceedings and was not part of the official court record. (*In re Shannon* (1977), 45 Ill. App. 3d 876, 879, 360 N.E.2d 433.) Through the enactment of Circuit Court General Order No. 6.5 in 1977, the half-sheet in the municipal department now constitutes "part of the official court record" in each case. *Berzana v. Mezyk* (1980), 86 Ill. App. 3d 824, 826, 408 N.E.2d 412.

■ It is clear in this cause that the entry on the half-sheet reflecting a judgment against the "First National Bank of Park Ridge" was a clerical error, and not one judicial in nature. Upon restoration of the court file in this case, it is very likely that the court personnel re-creating the half-sheet used the unexecuted memorandum of judgment as a basis for its entry. Since all other documents contained within this record contravene the memorandum of judgment in their recitation as to the defendant, "First National Bank of Park Ridge U/T #205," we believe that the trial court was correct in its allowance of defendant's motion to correct the record *nunc pro tunc*. The half-sheet in this case should be amended to reflect a $5,000 personal injury judgment against defendant, "First National Bank of Park Ridge U/T #205."

In our ruling as to the propriety of the trial court's order *nunc pro tunc* of September 14, 1982, we make no judicial interpretation as to the liabilities of the parties involved in the instant case; nor do we interpret that this was done by the trial court in its September 14, 1982, order from which plaintiff appeals.

Since the very nature of an order *nunc pro tunc* is one of correction of clerical errors, neither the trial court on September 14, 1982, nor the appellate court in this appeal, can consider whether the First National Bank of Park Ridge is individually liable on plaintiff's judgment of July 19, 1976. Thus, no determination as to the bank's liability will be made, as it is outside the scope of the September 14, 1982, order.

We next turn to plaintiff's contention that the trial court erred in its April 22, 1982, order refusing the recorded memorandum of judg-

ment into the record on appeal. See Supplemental Record.

Plaintiff argues that he tendered the memorandum of judgment as an exhibit to his motion to supplement the record under Supreme Court Rule 329 (87 Ill. 2d R. 329). Plaintiff further argues that the memorandum of judgment which was recorded on March 20, 1980, discloses that the judgment was entered against "First National Bank of Park Ridge." He urges that this memorandum reflects the court's judgment as originally entered, based upon facts as admitted by defendant and as determined by the original trial court.

Plaintiff cites the holding in *People v. Hoyne* (1915), 195 Ill. App. 272, 276, where the court stated:

> "No doubt what transpires in the presence of the court, rules of court and generally all matters of which the court takes judicial knowledge, need not be formally given in evidence, but may go into the bill of exceptions,"

as being supportive of his position.

Plaintiff further claims that his offering of the memorandum of judgment should have been accepted by the trial court on April 22, 1983, as a correction of the record. Further, he cites a number of Illinois decisions which allow the amendment of the record after the close of the term based upon any minutes, memoranda or notes of the judge, an entry in a book required by law to be kept, or papers on file in the case. See *Oskvarek v. Richter* (1961), 32 Ill. App. 2d 438, 178 N.E.2d 209; *Martinez v. Seymour* (1952), 348 Ill. App. 112, 108 N.E.2d 30; *Hickey v. Hickey* (1938), 295 Ill. App. 67, 14 N.E.2d 688.

Defendant conversely contends that the trial court's ruling was proper, as it was based on its knowledge of the procedures in the preparation of the memorandum of judgment. Defendant proffers the argument that memoranda of this type are introduced and prepared by the plaintiff, and then taken to  court clerk who affixes a seal to it so that it can be recorded and a lien created.

Plaintiff conversely argues that the memorandum he tendered to the trial court on April 22, 1983, contains a judge's signature as verification of the actual original judgment as entered, and should be allowed as part of the record on appeal.

Plaintiff filed his motion to supplement the record relying on Supreme Court Rule 329, which provides in part:

> "The record on appeal should be taken as true and correct unless shown to be otherwise and corrected in a manner permitted by this rule. Material omissions or inaccuracies or improper authentication may be corrected by stipulation of the parties or by the trial court, either before or after the record is

transmitted to the reviewing court, or by the reviewing court or a judge thereof.

Any controversy as to whether the record accurately discloses what occurred in the trial court shall be submitted to and settled by that court and the record made to conform to the truth." 87 Ill. 2d R. 329.

■ Although we are in agreement with the Illinois decisions that plaintiff cites which hold that the record on appeal can be supplemented by the trial court in order to correct material omissions, inaccuracies or improper authentication, we do not believe that the memorandum of judgment in question, recorded approximately four years after the judgment was rendered in the instant case and allegedly signed by an unidentifiable trial judge, qualifies as a correction of the record as intended by the cases cited. From our analysis of the record, it is clear that this document was not in the control of the trial court from the date of judgment, nor can it be determined that it was based upon some note or memorandum from the records of the trial court. Further, it is not based on the judge's minute book, since it cannot be determined from the face of the document which trial judge, if any, signed it.

"The record of the court imports absolute verity, and the note or memorandum which would authorize its amendment after adjournment of the term must necessarily be a note or memorandum which could be said to have been made by the judge or pursuant to a requirement of the judge or of the law." *Martinez v. Seymour* (1952), 348 Ill. App. 112, 114, 108 N.E.2d 30.

Therefore we are of the opinion that the trial court's order of April 22, 1983, properly excluded plaintiff's proffered recorded memorandum of judgment.

The orders of September 14, 1982, and April 22, 1983, are hereby affirmed.

Affirmed.

SULLIVAN and WILSON, JJ., concur.