ALFRED B. McCHESNEY *et al.*

*v.*

THE CITY OF CHICAGO.

*Filed at Ottawa October 29, 1894.*

1. MUNICIPAL CORPORATIONS—*may change method of paying for improvements.* The fact that a city has in the past paid for water mains with revenues from its water tax, will not preclude it from levying a special assessment for that purpose.

2. SPECIAL ASSESSMENTS—*sufficiency of commissioners' estimate of cost.* In determining whether the commissioners' estimate is sufficiently specific, it should be considered in connection with the ordinance, and the specifications thereto attached.

3. SAME—*superintendence of work does not imply legislative discretion.* A clause authorizing the commissioner of public works to direct the time and manner of beginning and carrying on the improvement does not vest such commissioner with legislative discretion.

4. EVIDENCE—*when formal introduction of documents not necessary.* Where the ordinance, report of commissioners and assessment roll are before the court, and treated by objectors as being in evidence, formal introduction of them is not necessary.

APPEAL from the County Court of Cook county; the Hon. GEORGE W. BROWN, Judge, presiding.

Mr. F. W. BECKER, for the appellants.

Mr. JOHN S. MILLER, and Mr. CHARLES C. GILBERT, for the appellee.

Mr. JUSTICE BAKER delivered the opinion of the court :

This was a petition of the city of Chicago for the confirmation of a special assessment for water mains in Yates avenue, from Seventy-first street to Seventy-fifth street.

The first objection raised to the petition by appellants is, that the ordinance is discriminating and oppressive. This position is based upon the theory, that as the city has heretofore paid for mains out of the water tax fund raised by revenue derived from water rates, and not by special assessment, to now change the method and charge the property of appellants with the cost of the

improvement provided for, would be, as to those specially assessed, discriminating and oppressive. It is contended that "the whole city constitutes but one district, so far as the construction and maintenance of the water works are concerned. It is now proposed by this ordinance in question to depart from the method heretofore adopted, and compel the property owners on Yates avenue to bear the expense of laying water pipes, from which burden other property owners on other streets are exempt." It is not shown by the record in this case that the property sought to be assessed for this improvement has contributed anything towards like improvements on other streets within the city of Chicago, nor is there anything in the record showing that it is proposed by the city to hereafter make like improvements in other streets and pay for the same by general taxation. The position that because the city has made like improvements on other streets and paid for the same out of the water tax, (that is, money collected for the use of water,) therefore the city cannot now change its method of paying for such improvements, is not tenable. This question was presented in the case of *Murphy et al.* v. *People ex rel.* 120 Ill. 234, and after full discussion decided against the present contention.

It is insisted that no estimate of the cost of the improvement was made. This contention is based, first, upon a departure in the language of the report of the commissioners in describing the improvement, from that used in the ordinance. The recital of the ordinance in the report of the commissioners is an ordinance providing that "a water main be laid on Yates avenue, from Seventy-first street to Seventy-fifth street, to connect with the water supply-pipes in Yates avenue and Seventy-fifth street," while the ordinance itself provides that it is to be "connected with water supply-pipes now laid in said Seventy-first street and Seventy-fifth street." This recital of the ordinance in the commissioners' report is

merely to identify the ordinance and improvement, and is sufficiently accurate for that purpose. There were attached to the ordinance specifications of the improvement, which necessarily made specific and definite the improvement. The estimate shows that the commissioners estimated the cost of the improvement, which was in detail described in the ordinance.

The second point against the estimate is equally unfounded. The report of the cost of the improvement as made by the commissioners is: "Total cost of the improvement, $4648.30 ; cost of making and levying the assessment therefor, $139.44; total, $4787.74." Counsel for appellants contend that the item of $139.44, cost of making and levying the assessment, is included in the item of $4648.30, because that item is given as the "total" cost of the improvement. It is plain that the commissioners did not intend to include the cost of making and levying the assessment in the first item.

The next objection to the estimate, that the estimate is general, and without items, is not well taken. The estimate is to be taken in connection with the ordinance, and the specifications thereto attached. The commissioners estimate the cost upon the basis contained in such ordinance and specifications. They show all the details.

Counsel contends that the clause in the specifications by which the commissioner of public works is to direct the time and manner of the commencement and carrying on of the improvement, vests the commissioner with legislative discretion. This position is not tenable. The carrying on of such work necessarily requires that some executive officer should have such discretion, within the terms laid down in the specifications. This question is settled adversely to appellants in *Lake* v. *City of Decatur*, 91 Ill. 596, and in *Railway Co.* v. *Jacksonville*, 114 id. 562.

The contention of counsel for appellants that neither the ordinance, the report of commissioners nor the assessment roll was introduced in evidence, is, we think,

without force. It does not appear that they were formally offered in evidence, but they were all before the court, and were so treated by appellants.

We think the assessment roll properly describes the location of the property assessed, by the following description : "Assessment roll made by the commissioners appointed by the county court of Cook county to assess the cost of laying a water supply-pipe in Yates avenue, from Seventy-first street to Seventy-fifth street, in accordance with the petition of the city of Chicago." Then follows a description of the lots.

We think the points made against this assessment are very technical, and not well founded. The evidence supports the findings as to benefits.

Finding no error in the record that would justify a reversal of the judgment in this case, the judgment of the county court will be affirmed.

*Judgment affirmed.*