Charles Youngvert, a minor, by his next friend, Appellee, v. City of Chicago, Appellant.

### Gen. No. 17,520.

1. CITIES AND VILLAGES—*notice of injuries from defective sidewalk.* In an action for injuries sustained from a defective sidewalk, a portion of the statutory notice describing the place of accident as follows: "Said accident occurred in the city of Chicago on, to-wit, the west side of Center avenue, between, to-wit, Sixteenth and Seventeenth streets," is sufficient.

2. EVIDENCE—*not hearsay where used to fix time.* In an action for injuries from a defective sidewalk, the statement that witness was told about the accident by her son is not hearsay evidence

where it was to fix the date to be applied to her subsequent testimony as to whether there was a barricade along the curb at the time of the accident.

3. CONTRIBUTORY NEGLIGENCE—*duty of child.* In an action for injuries to a child from a defective sidewalk, it is not error to strike out a portion of an instruction where the jury, if the instruction was given as requested, might have understood that in order to recover, plaintiff must have exercised the care for his own safety required of an adult.

4. INSTRUCTIONS—*repetition.* It is not error to refuse an instruction which is a repetition in another form of an instruction already given.

5. DAMAGES—*excessive.* An award of $2,500 for injury to a child cf six, resulting in a curvature and depression of the spine, will be sustained.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the HON. HOMER ABBOTT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed.    Opinion filed November 12, 1912.    Rehearing denied November 26, 1912.  *Certiorari* denied by Supreme Court (making opinion final).

WILLIAM H. SEXTON and N. L. PIOTROWSKI, for appellant; DAVID R. LEVY and ROBERT R. BALDWIN of counsel.

FRANCIS J. WOOLLEY, for appellees.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

In this case there was a recovery by the appellee (plaintiff) against the appellant (defendant) for $2,500 for injuries alleged to have been received November 18, 1905, in an accident caused by a defective sidewalk. The plaintiff at the time of the accident was between six and seven years of age. The case was tried before the court and a jury. The grounds upon which we are asked to reverse the judgment are that the statutory notice required was not sufficient, that there were errors in the rulings on the evidence and also in instructions, and that the judgment is excessive.

That portion of the notice relating to the place of the accident is as follows:

"Said accident occurred in the City of Chicago on, to-wit, the west side of Center avenue, between, to-wit, Sixteenth and Seventeenth streets."

It is complained that the notice is insufficient because it appears from the map introduced in evidence that Seventeenth street terminates on the east side of Center avenue; that there was no Seventeenth street on the west side of Center avenue, and therefore an impossible location is offered. We do not think this objection tenable. No one could have any other idea than that the notice meant to charge that the accident occurred north of Seventeenth street.

It is next said that, "between Sixteenth and Seventeenth streets" is not definite enough in other respects. The case of Barribeau v. City of Detroit, 147 Mich. 119, is cited by the appellee as being in point. In that case the notice fixed the place at the corner of Howard and Twenty-first streets. The trial court held, and the Supreme Court affirmed the holding, that as there were four corners the notice was not sufficient. In a prior case the Supreme Court of Michigan held the following to be sufficient: "On the south side of Cherry street, between Sixth and Seventh streets, and extending from Seventh street to the first alley east of Seventh street." Tattan v. City of Detroit, 128 Mich. 650. The defendant also cites the case of Cronin v. City of Boston, 135 Mass. 110, which seems to uphold its contention. In the opinion the following appears: "The cause alleged in the notice is that the sidewalk was 'rough, hobbly and slippery.' It appears by the exceptions that 'the defect consisted of an accumulation of ice on the sidewalk in front of 371 Hanover street.' There is no mention of ice in the notice. Unless, then, it is a reasonable construction of the notice, under the circumstances in which it was given, that there was a rough, hobbly and slippery accumulation of ice upon the sidewalk, the notice does

not state the actual cause of the injury. It does not appear that there was any defect in the construction or condition of the sidewalk itself. The defect was that ice had been permitted to accumulate upon it. * * * But, because sidewalks are often rough, hobbly and slippery with snow and ice in winter, it is important that the notice of any defect from snow or ice which causes damage or injury should describe it with great particularity." In a later case (Lyman v. County of Hampshire, 138 Mass. 74), the language used was: "upon the bridge in Huntington, known as the Norwich bridge." This bridge was 218 feet long, and the accident was charged to have been due to a hole in the bridge. On the trial it appeared that there were three holes in the bridge; yet the notice was found to be sufficient. We are referred by plaintiff to a large number of cases where the notice was similar to the one now under consideration, and in each the notice was held to be good: Hutchings v. Inhabitants of Sullivan, 90 Maine, 131; Fopper v. Town of Wheatland, 59 Wis. 623; Brown v. Town of Southbury, 53 Conn. 212; Mulligan v. City of Seattle, 42 Wash. 264; Werner v. City of Rochester, 77 Hun. 33; Beyer v. City of North Tonawanda, 183 N. Y. 338; Snickles v. City of St. Joseph, 139 Mo. App. 187. We think that the notice in the case before us is sufficient.

Complaint is made that Johanna Thuma, one of the witnesses for the plaintiff, was permitted to give hearsay evidence. She said her son told her about the accident. The witness did not say what she was told. She merely stated in answer to a question that she remembered being told about the accident; and apparently this was to fix the date to be applied to the testimony subsequently given by her as to whether or not there was a barricade along the curb at the time of the accident.

Objections were made to other questions asked, but we do not find in the rulings any error which we think should cause a reversal of the case.

The 7th instruction of the defendant, as tendered, read as follows:

"The court instructs the jury that the condition of the sidewalk in question prior to the time of the alleged accident, if any is proven, cannot be considered by you in determining whether or not the defendant, City of Chicago, was negligent in failing to use reasonable care to keep said sidewalk reasonably safe, if you should further find from the evidence that the sidewalk complained of as dangerous, was at the time of the alleged accident, barricaded in such a manner that travelers or pedestrians approaching it who were in the exercise of ordinary care for their own safety would have had notice that at or beyond the place where said barricade was erected, a dangerous condition existed."

The court struck out of the instruction as tendered the words, "who were in the exercise of ordinary care for their own safety." We do not think the court erred in this respect. The jury, if the instruction had been given as requested, might have understood that in order to recover the plaintiff must have been in the exercise of the care required of an adult for his own safety; but this is not required of a boy plaintiff's age. In the instruction as given there was nothing to suggest to the jury that because the plaintiff was an infant the barricade must have been any other or different from that required to protect an adult by giving notice to him.

In the defendant's brief it is argued that the court erred in striking out a portion of the 9th instruction. The language referred to does not appear in the 9th instruction as tendered, but in the 8th. As given, the 8th instruction advised the jury that before the plaintiff could recover for any ailments charged in the declaration he must show by a preponderance of the evidence not only that such ailments really exist, but also that they are a result of the accident in question, and that he must show by a greater weight of the evidence

that they are a direct and proximate result of such accident; that the burden is not upon the defendant to show that they have arisen from any other cause. The portion of the instruction tendered and not given was a repetition in another form of a portion of the instruction as given, and we do not think the court erred in the modification.

It is next complained that the verdict is excessive. The case was tried five years after the accident, and there was testimony tending to show that there was a curvature and depression of the spine existing at the time of the trial, which, in the opinion of the attending doctor, was a result of the accident. The trial court by denying a motion for a new trial, placed the seal of its approval upon the verdict of the jury in respect to the amount of damages. After a careful examination of the record we are unable to say that the amount is excessive.

The judgment is affirmed.

*Affirmed.*