[No. 25458. Department Two. July 20, 1935.]

ADAH WALDON, *Respondent*, v. THE CITY OF SEATTLE, *Appellant.*[1]

*A. C. Van Soelen, C. C. McCullough,* and *E. I. Jones,* for appellant.

*Vanderveer & Bassett* and *Roy DeGrief,* for respondent.

STEINERT, J.—This is an action to recover damages for personal injuries alleged to have been sustained by plaintiff in slipping and falling on a defective board sidewalk in the city of Seattle. Trial by jury resulted in a verdict for plaintiff. Defendant's motion for judgment notwithstanding the verdict having been denied, the court entered judgment for plaintiff. Defendant has appealed.

[1]Reported in 47 P. (2d) 978.

The assignments of error present a very limited question for consideration; namely, whether compliance with the law relative to filing claims against cities of the first class was sufficiently alleged and proved.

The complaint alleges that the accident in which the injuries were sustained occurred January 9, 1932; that, on January 21, 1932, the respondent duly filed with the city council her verified claim for damages, a copy of the claim being attached to the complaint as an exhibit and by reference made a part of the pleading; that more than sixty days had elapsed since the filing of the claim; and that the claim had been neither allowed nor rejected. The claim, as pleaded, accurately located and described the defect causing the injury, detailed the items of damages claimed, gave the residence of respondent, by street and number, at the time of presenting and filing the claim and for a period of considerably more than a year prior thereto.

Answering the paragraph of the complaint which set forth the above allegations with reference to the claim, appellant admitted that respondent had filed a *purported* claim with the city, but denied generally each and every other allegation of that paragraph.

The trial developed some conflict in the evidence concerning respondent's actual place of residence at the time that the injury occurred and at the time of filing her claim with the city. Respondent's own testimony upon the subject was somewhat vague and uncertain, but that may be attributed to the fact that the trial took place more than two years after the date of the accident. However, respondent's attorney, who had prepared the claim, testified very positively as to her address and place of residence, and his testimony accorded with the information contained in the claim itself. Appellant's evidence, on the other hand, tended to prove that respondent's place of residence for the

required length of time was not as set forth in her claim.

By some inadvertence or oversight, respondent's counsel failed to offer a copy of the claim in evidence. But it is quite apparent from the record, and particularly from appellant's cross-examination of respondent's witnesses, and from its direct examination of its own witnesses, that appellant's attack was levelled at the particular claim which respondent had pleaded in her complaint, and against none other.

At the conclusion of respondent's evidence, appellant's counsel did not challenge its sufficiency, nor did he in any manner raise any question concerning the filing or sufficiency of the claim, but proceeded at once with appellant's case. At the conclusion of all the evidence, appellant's counsel, for the first time, challenged the sufficiency of the evidence and then moved for a dismissal with prejudice and for a directed verdict. In doing so, however, he did not call the attention of either the court or the opposing counsel to the fact that a copy of the claim had not been put in evidence. It may be that appellant's counsel himself was not aware of that fact at the time. At any rate, the court, without comment, promptly denied the motion. The case then proceeded to the jury upon the instructions of the court and the argument of counsel.

After verdict had been returned and filed, appellant moved the court for judgment notwithstanding the verdict. So far as the record discloses and so far as the briefs throw any light on the subject, the first intimation given by appellant that its challenge to the sufficiency of the evidence or any of its respective motions was based on the fact that a copy of the claim had never been formally put in evidence, was when the motion for judgment notwithstanding the verdict came

on for argument. The court, after analyzing the situation as we have just presented it, denied the motion.

The assignments of error all go to the court's rulings denying appellant's challenge to the sufficiency of the evidence, denying appellant's motions for dismissal, directed verdict and judgment notwithstanding the verdict, respectively, and entering judgment for respondent. The appeal presents two questions.

The first is whether the failure to make formal proof of the claim, by having a copy thereof put in evidence, is fatal to the verdict. We are satisfied that, under the peculiar circumstances of this case, the omission was not fatal. The claim was definitely before the court. It had been specifically pleaded in respondent's complaint, and appellant, in turn, had admitted in its answer that respondent had filed with the city council what purported to be a claim. There was no evidence concerning any form of claim other than that which respondent had pleaded and on which she relied.

All of the evidence touching the subject of claim had reference, either directly or indirectly, to the respondent's claim as it appeared in the exhibit attached to the complaint. Respondent's evidence was in substantiation of her claim; appellant's evidence was in derogation of it. The evidence of each, however, went directly toward it. More than that, the court was frequently called upon to rule concerning the admissibility of evidence affecting the claim. In short, the identity of the claim was never in dispute; both sides recognized it for whatever it was worth, and both sides invoked the court's recognition of it.

Now, the legal sufficiency of the claim in its existent form was a matter with which the jury was not concerned. That was a matter exclusively for the court to determine. It may be true that, because of the conflict in the evidence, some issue of fact might have been

raised upon the claim and submitted to the jury by the court, but the record does not disclose that appellant took any steps to have such issue presented to the jury. The question appears to have remained at all times a question of law for the court. That question of law necessarily came to the front when appellant finally challenged the sufficiency of the evidence and moved for a dismissal. The disposition of the challenge and motion necessarily determined the legal sufficiency of the claim.

The claim being before the court and having been determined to be legally sufficient, the ruling thereon by the court became conclusive on the jury, and thenceforth it could not have been considered as presenting a question of fact necessary to be determined by the jury in order to warrant a verdict. *Brick v. Seattle,* 159 Wash. 413, 293 Pac. 453; 295 Pac. 921. It was, therefore, immaterial, under the circumstances shown by the record, whether the claim was formally admitted in evidence or not. The instrument having been adduced to the court and having been so regarded by counsel in their treatment of it, the court was authorized to regard it as part of the evidence, although not formally offered. *McChesney v. Chicago,* 152 Ill. 543, 38 N. E. 767; *Dean v. Eastern Shore Trust Co.,* 159 Md. 213, 150 Atl. 797; *Lowe v. Talbert,* 93 Ind. App. 384, 176 N. E. 36, 177 N. E. 339; 64 C. J. 115.

The other question suggested by the appeal is whether the claim, as presented, is in compliance with the charter and statutory requirements. Article IV, § 29, of the charter of the city of Seattle provides that claims for damages against the city must be presented to the city council and filed with the clerk within thirty days after the time when such claim for damages accrued. It also provides that such claims must accurately locate and describe the defect that caused the

injury, accurately describe the injury, give the residence of the claimant for one year last past, contain the items of damages claimed, and be sworn to by the claimant. Rem. Rev. Stat., § 9478 [P. C. § 703], provides that claims for damages sounding in tort against cities of the first class must contain, in addition to the pertinent requirements of the city charter, a statement of the actual residence of such claimant, by street and number, at the date of presenting and filing such claim, and for a period of six months immediately prior to the time that such claim for damages accrued.

A scrutiny of the claim in this case discloses that in form it meticulously followed the requirements of the charter and of the statute. It is true, as hereinbefore stated, that there was some conflict in the evidence as to whether the claim spoke the truth. But inasmuch as it does not appear from the record that any issue of fact was shaped upon such conflict, to be determined by the jury, and since the question was left as one of law to be determined by the court, and was so determined, its ruling became final and binding until and unless reversed on appeal. As we read the record, we think the court was correct in its ruling.

The judgment is affirmed.

MILLARD, C. J., MITCHELL, HOLCOMB, and BLAKE, JJ., concur.