No. 33,268

ELIZA JONES, *Appellee*, v. THE CITY OF KANSAS CITY, *Appellant*.

(66 P. 2d 579)

Opinion filed April 10, 1937.

*Alton H. Skinner, John C. O'Brien, James K. Cubbison* and *William H. Towers,* all of Kansas City, for the appellant.

*Joseph Cohen* and *E. A. Shackelford,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action to recover damages from a city

by reason of personal injuries caused by a defect in a concrete sidewalk. Plaintiff prevailed, and defendant appeals.

Defendant first contends the claim of injury filed with the city and the petition misdescribed the place of injury and that this was fatal to plaintiff's right of recovery. A statement filed with the city, setting forth the time and place of an accident, and the circumstances relating thereto, is a condition precedent to the maintenance of an action. (G. S. 1935, 12-105.) The claim filed described the place of accident as follows:

". . . on the east side of Sixth street, between Quindaro boulevard and Waverly avenue in Kansas City, Kan., about ten feet south of the alley between said avenues; that her said fall was due to a defect in said sidewalk at said place, consisting of a broken place in the cement pavement . . ."

The place of accident described in the petition, when construed with the notice of claim attached thereto, was the same as that contained in the notice. The claim and petition stated plaintiff was walking north on Sixth street. Fifth street is the first street east of Sixth street. Waverly street is two blocks north of Quindaro boulevard, but stops at Fifth street, and starts again some distance west of Sixth street. In other words, Waverly does not intersect Sixth street. Between Quindaro and where Waverly would have intersected Sixth street, had Waverly avenue been extended, was a narrow street about eighteen feet in width, designated as Greeley on the city plat. Greeley does intersect Sixth street. It was this narrow street plaintiff had in mind when she filed her claim and which street she designated as the alley between Quindaro and Waverly. When this circumstance was related by counsel for plaintiff in the opening statement, defendant objected thereto and contended it was not prepared to meet evidence of a defect in a concrete sidewalk at a place not described in the notice, that the opening statement constituted a variance and did not comply with the requirements of G. S. 1935, 12-105. These objections defendant continued to make throughout the trial. The jury made findings of fact. The findings dealing with alleys, intersections and the place of accident were as follows:

"6. What is the first street intersection north of Quindaro boulevard on Sixth street? A. Greeley.

"7. What is the second intersecting street on Sixth street north of Quindaro boulevard? A. Haskell.

"8. Is there an alley intersecting Sixth street between Quindaro boulevard and the first intersecting street north thereof? A. No.

"9. Is there an alley intersecting Sixth street north of the first intersecting street north of Quindaro boulevard? A. No.

"10. Does Waverly street intersect Sixth street? A. No.

"12. If you find for the plaintiff, state: (1) Where on Sixth street she fell with reference to Greeley. A. Ten feet south of Greeley, on east side."

Defendant contends it was entitled to have its motion for judgment on the special findings sustained for the reason they disclose there was no alley intersecting Sixth street between Quindaro boulevard and Waverly avenue. One of the difficulties with that contention is there was evidence Waverly was referred to by some people as an alley as well as a street. That evidence was uncontradicted. While the city plat designated it as Greeley street, there was no evidence the city did not know it was also referred to by citizens as an alley. Then again, the notice described the location of the defect as being in a cement sidewalk. The defect complained of was in a cement sidewalk and about ten feet south of the so-called alley or Greeley street. The city representative, in making the investigation in response to the claim, drove onto Sixth street from Quindaro and thus was obliged to drive by the place involved. The jury found the defect in the cement walk was one foot wide, three or four inches deep, and its length was the width of the sidewalk. The picture of the defect clearly discloses the condition of the sidewalk. It is indeed difficult to conceive how it could have been overlooked or how it could have misled anyone making an investigation on a claim which specifically designated the defect as existing in a cement sidewalk. The evidence disclosed no other defect in a concrete sidewalk or any other kind of sidewalk anywhere in that vicinity. The investigator knew from the notice the claimed defect existed between Quindaro and Waverly. He drove north from Quindaro about a block and a half on Sixth street, to a place where a school was located. That was the place where Waverly avenue would have intersected Sixth street had it been extended beyond Fifth street. At that point there was, however, a smooth brick sidewalk. The notice fixed the defect on the east side of Sixth street and in a cement sidewalk between Quindaro and Waverly. It was therefore apparent the defect referred to must have been somewhere in the block and a half through which the investigator had traveled. He knew Waverly was the next street north of Greeley. Haskell avenue, about one fourth mile north of Quindaro, was the next intersection of Sixth street. Greeley, therefore, whether called an alley or

a street, was also the only opening onto Sixth street between Quindaro and Haskell. The testimony of the investigator was he did not examine that portion of the walk lying between Quindaro and the place where he stopped because he was looking for an alley, and that finding no alley between Quindaro and Haskell, he concluded, "there must be some mistake," and abandoned the investigation. Defendant contends it was misled by the notice and was not prepared to defend the claim of an accident as having occurred ten feet south of an alley between Quindaro and Waverly.

Defendant filed a motion to make the petition definite and certain, but not with respect to the place of accident. It subsequently filed its answer, which in part alleged contributory negligence on the part of plaintiff. Against the answer plaintiff leveled its motion to require the answer to be made definite and certain by stating what act or acts of negligence wholly caused or contributed to plaintiff's injury. The motion was sustained. In the amended answer it was alleged, in substance: Plaintiff had lived for a long time at or near the street and *place described in the petition;* plaintiff was familiar with the *place* where she alleged she was injured; she had on occasions, too numerous to mention, gone up and down *on Sixth street between Quindaro boulevard and Waverly avenue;* on the date of accident she failed to look ahead, to observe and avoid those *obvious* and *patent* defects complained of, if any defects in fact existed.

It will be observed defendant's own answer referred to the place of accident on Sixth street and between *Quindaro* and *Waverly,* although the defendant city, of course, knew Waverly did not intersect Sixth street. It alleged plaintiff was familiar with the place described in the petition. Just how defendant knew plaintiff was familiar with the place without defendant having learned what place was referred to in the claim, remains somewhat of a mystery. The accident occurred at about 9:15 o'clock in the evening, on January 8, 1935. That was in the nighttime. Just how defendant knew the condition was in fact obvious and patent in the nighttime, without defendant having discovered the place described in the claim, is somewhat difficult to conceive. The answer was hardly consistent with the defense of lack of notice as to place of accident. Furthermore, there was no request for a continuance of the trial on the ground of being misled. Neither is it now disclosed defendant's substantial rights were prejudiced in the preparation of its defense due to lack of more precise exactness in description of place.

The requirement as to definiteness of notice should not be unduly relaxed. A city is entitled to have a claim filed in substantial compliance with the statute. This requires it be advised with reasonable accuracy concerning the place of the accident. Such notice is essential in order that the vital purpose of the statute may be made effectual. Unless the place designated can be located with exercise of reasonable diligence, the purpose of the statute is defeated. In the instant case, however, the city knew from the notice the claimed defect was in a sidewalk on Sixth street. It was on the east side and was described as situated within the limits of two streets on Sixth street, and that the defect was in a cement sidewalk. It was therefore not so important whether the place was fixed at ten feet from an alley or from a certain street. While the place might have been more easily located by having been designated as ten feet south of an entrance into Sixth street, sometimes called Greeley street, and sometimes called an alley, we think the claim was sufficiently definite. In the case of *Cook v. Topeka*, 75 Kan. 534, 90 Pac. 244, it was said:

"The statute requiring a statement to be filed with the clerk is mandatory; that is, no action can be maintained until such statement is filed; but with respect to the details of the statement precise exactness is not absolutely essential. If it reasonably complies with the statute, and the city is not misled to its prejudice by any defects of description of the place where the accident happened, the city has no reason to complain. The statement filed in the present case accomplished the object of the statute." (p. 536.)

This court has consistently followed the principle announced in the Topeka case. (*McHenry v. Kansas City*, 101 Kan. 180, 165 Pac. 664; *Holmes v. Kansas City*, 101 Kan. 785, 168 Pac. 1110.) Of course, city authorities are required to exercise reasonable diligence in ascertaining the place described in the notice. (Municipal Corporations, 43 C. J. 1198. See numerous cases there cited.) While it is not deemed necessary to resort to decisions of other courts in order to reach a decision in the instant case, we shall quote from an Illinois decision very similar in its facts to the case before us. In *Youngvert v. City of Chicago*, 174 Ill. App. 299, it was said:

"That portion of the notice relating to the place of the accident is as follows:

"'Said accident occurred in the city of Chicago on, to wit, the west side of Center avenue, between, to wit, Sixteenth and Seventeenth streets.'

"It is complained that the notice is insufficient because it appears from the map introduced in evidence that Seventeenth street terminates on the east side of Center avenue; that there was no Seventeenth street on the west side

of Center avenue, and therefore an impossible location is offered. We do not think this objection tenable. No one could have any other idea than that the notice meant to charge that the accident occurred north of Seventeenth street." (p. 301.)

In support of defendant's contention as to insufficient description of place, our attention is also directed to decisions of other courts in which similar statutes have been more strictly construed. In the Topeka case, *supra*, it was said:

"We are aware that other courts have construed similar statutes more strictly. Under many of such decisions the ruling of the trial court could be upheld, but we are not inclined to follow a strict and technical construction where the object of the statute has been accomplished by the statement filed, notwithstanding a misdescription of the place." (p. 536.)

Defendant urges the decisions of this court previously mentioned sustain its contention. With that view we cannot agree. Defendant quotes at length from *McHenry v. Kansas City*, supra. The time of the accident was there involved. The alleged defective condition was due to ice and snow. The time stated in the claim constituted a discrepancy of an entire week. The court there clearly expressed the reason for insisting on accuracy as to time under rapidly changing climatic conditions which prevail in this state and clearly indicated why greater liberality is permitted as to description of place. (p. 182.)

Owing to alleged insufficiency of claim and alleged variance defendant moved for judgment on the opening statement, objected to introduction of evidence, demurred to plaintiff's evidence and moved for judgment on the special findings, all of which were overruled. In this we think the trial court committed no error.

Defendant further contends the trial court erred in overruling its motion for a new trial. By affidavit we are informed the trial court ruled the question of whether there was a variance between the claim and proof as to place of accident was a question of law for the court and not a question for the jury, and for that reason the trial court advised it would not permit a special question to be submitted to the jury on the subject of variance nor on the question of whether defendant had been misled by the description of place of accident, nor would it give an instruction thereon nor permit argument thereon to the jury, and for those reasons no argument in this respect was made.

It will be observed the affidavit does not aver that by reason of the statements of the trial court no special instruction or special

question on the subject was submitted by defendant. Nor could such averment, even if contained in an affidavit, be substituted for the requirements of the code.

The issues in this case were joined by the allegations contained in the petition and amended answer. The amended answer was not consistent with the defense of having been misled by the claim. The question of the sufficiency of the notice, being a written instrument, was a question of law for the determination of the court and was not a proper question to submit to the jury. (*Sipes v. Pessemier*, 144 Kan. 300, 58 P. 2d 1085, and citations.) In *Waldon v. City of Seattle*, 182 Wash. 493, 47 P. 2d 978, it was said:

"Now, the legal sufficiency of the claim in its existent form was a matter with which the jury was not concerned. That was a matter exclusively for the court to determine. It may be true that, because of the conflict in the evidence, some issue of fact might have been raised upon the claim, and submitted to the jury by the court, but the record does not disclose that appellant took any steps to have such issue presented to the jury." (p. 496.)

So, in the instant case, no step contemplated by the statute was taken to present an issue for review on the question of additional instructions or special questions. If the question of defendant having been misled had in fact remained a proper subject for the jury's consideration, no special written instruction was requested on the subject as required by the fifth subdivision of G. S. 1935, 60-2909. No special question was requested in writing as required by G. S. 1935, 60-2918. The statutes fix the procedure to be employed in order to properly present such questions to this court for review. We are not at liberty to substitute another. From what has been said it follows the question of whether defendant had been misled was, under the circumstances of this case, not a proper subject to be argued before the jury. There are additional reasons why this court would not be justified in reversing the judgment, but it is not necessary to discuss them. For the reasons stated the judgment must be affirmed. It is so ordered.