No. 36,142

Mrs. Fessie Flournoy, *Appellant*, v. The City of Parsons (et al.),
*Appellee.*

(155 P. 2d 421)

Opinion filed January 27, 1945.

*C. E. Pile,* of Parsons, argued the cause for the appellant.

*Elmer W. Columbia,* of Parsons, argued the cause, and *John B. Markham,* of Parsons, was on the briefs for the appellee.

The opinion of the court was delivered by

Thiele, J.: This was an action for damages. The jury returned a verdict in favor of the defendant. Plaintiff's motion for a new trial was denied and she appealed.

Briefly stated, in her petition plaintiff alleged her residence in the city of Parsons, and that on the night of October 23, 1942, she was walking north on Twenty-fifth street to its intersection with Wilson avenue to continue to her home at 2700 Wilson avenue, and as she was turning from the street to the avenue she stepped in a hole at the top of a culvert and sustained injuries; that the hole in the culvert was made by a tractor and grader being used by the city to make street repairs. Plaintiff further alleged that on December 14, 1942, she filed in the office of the city clerk, her claim for damages, a copy being attached to the petition. The claim for damages asserted the place of the accident was at the junction of Twenty-fifth street and Wilson avenue. The answer of the city admitted plain-

tiff's residence and that she had filed her claim for damages and denied generally. Defendant alleged that Wilson avenue mentioned in the petition did not exist west of Twenty-first street, but that the intersection described was actually Twenty-fifth street and Prospect avenue. Other allegations need not be noted. Plaintiff's reply admitted the allegation as to Prospect avenue and alleged that it was recognized and known by persons living in the vicinity and others as Wilson avenue.

A trial was had in which the jury returned a general verdict for the defendant. Plaintiff filed a motion for a new trial, which was denied, and she appealed to this court, her assignments of error being that the trial court erred in giving two instructions to the jury and also in overruling her motion for a new trial on the following grounds: (1) Surprise which ordinary prudence could not have guarded against; (2) that by reason of cumulative false testimony offered by defendant she did not have a fair trial; (3) corruption of the case by the defendant; and (4) newly discovered evidence relating to the physical conditions surrounding the culvert immediately before and so near the time of trial that she could not, with reasonable diligence, have been expected to discover the fact.

In her abstract appellant set forth the pleadings, the evidence of two witnesses for the defendant at the trial and also the evidence taken on the motion for the new trial. None of plaintiff's evidence at the trial is included. Of the instructions given the jury by the court, only two, which are later mentioned, are included in the abstract.

Immediately after the abstract was filed, appellee filed its motion that the appeal be dismissed for the reason that although the notice of appeal was from the judgment and all and every adverse ruling of the trial court, appellant had procured a transcript of the testimony of only two of the thirteen witnesses at the trial in addition to the witnesses on the hearing of the motion for a new trial. On the hearing of that motion we denied with leave to the appellee to renew at the hearing of the appeal. The motion is again pressed and is considered in what is hereafter said.

Appellant first contends the trial court erred in its instruction No. 2 in that in defining the issues as presented by appellee's answer, it failed to state the admissions of fact contained in the answer. The admissions made and not specifically repeated in the particular instruction were that plaintiff resided at 2700 Wilson avenue, and

that she had filed her claim for damages with the city. Whether the particular instruction was correct or not does not depend upon anything but the pleadings and the other instructions, and the failure to obtain a complete transcript and fully to abstract the evidence is immaterial on the present question. However, the appellant has failed to bring into the record here the instructions stating the issues presented in the petition or in the reply. For aught we know the trial court may there have said certain allegations were admitted. We observe that in instruction No. 26-A, also complained of and referred to later, the trial court did advise the jury specifically that plaintiff had alleged she filed a claim for damages and defendant in its answer had admitted the fact, and further parts of that instruction made it clear that the controversy was not where plaintiff resided, but whether Wilson avenue and Prospect avenue, where the accident occurred, were one and the same avenue. We may observe further that where appellant lived had nothing whatever to do with her cause of action, and the failure of the trial court to tell the jury the city admitted she lived at a particular place could hardly have prejudiced her, and there is no showing that it did.

The other instruction complained of is No. 26-A, and pertained to a claimed variance in the site of the accident as set forth in the claim for damages filed, in the pleadings, and as disclosed by the evidence. Appellant makes an extended argument predicated on the fact that she had alleged her residence, and that she had filed her claim for damages, and as the city had admitted both, no question of variance arose from the pleadings but came into the case when the opening statements were made. We think the admission that plaintiff resided at a particular place and that she filed her claim for damages can hardly be construed as an admission that she was injured at any particular place or that the place of injury and the place named in her claim were one and the same. It is true that the determination of the legal sufficiency of her claim for damages was a question of law (*Jones v. Kansas City*, 145 Kan. 591, 66 P. 2d 579), but it was a question of fact whether the discrepancy in names of streets and locations were such that the city was unable in the exercise of reasonable diligence to locate the place stated or intended to be stated by the claim for damages. It is not made clear by the abstract, nor by the briefs, whether any instruction other than No. 26-A referred in any manner to

this part of the controversy. It is clear that none of the evidence bearing upon the matter has been included in the abstract. It has long been the rule that where the evidence is not in the record the appellate court cannot review instructions based thereon. (See *Town of Leroy v. McConnell,* 8 Kan. 273; *Comm'rs of Allen Co. v. Boyd,* 31 Kan. 765, 3 Pac. 523; *Giles v. Ternes,* 93 Kan. 140, 143 Pac. 491; *Ely v. Holloway,* 95 Kan. 8, 147 Pac. 1128.) It has not been made to appear that the giving of the instruction was erroneous.

Appellant also contends the trial court committed error in not granting her a new trial because of surprise which ordinary prudence could not have guarded against. In her argument appellant states she had no notice until about the time of trial that defendant sought to make any point on claimed variance between her claim for damages and the pleadings as to the place where she sustained her injuries, and that defendant persistently called attention of the jury to the claimed variance, and that such actions "certainly corrupted the issues in this case and prevented the plaintiff from having a fair trial." Just how this "surprised" her is not made clear. The argument does not end there. It is further contended that defendant intermingled such acts with its acts in presenting false testimony to the jury with regard to certain street improvements. Plaintiff alleged she received her injuries on October 23, 1942. She further alleged she filed a claim for damages with the city on December 14, 1942, and that was admitted by the city's answer. The only evidence abstracted is that of the city engineer and that of the street commissioner and no objection to any of it is shown. This evidence shows that in October, 1942, the city did some work to drain a pond on a nearby street and in connection dug out some ditches; that on October 28, 1942, a broken culvert was reported and the culvert at Prospect avenue and Twenty-fifth street was examined and found to be unbroken. Later and before appellant had filed any claim for damages, it was found that the particular culvert was clogged up and the top, consisting of boards, was removed and the culvert cleaned and repaired. In connection with that showing, there was evidence about the pond to be drained, the location of another culvert, which direction the water ran and some similar matters. The claimed corruption is that the testimony about the other culvert, the direction the water ran, etc., was false. The trial court heard all of the evidence, includ-

ing that not abstracted here, as well as that received on the motion for a new trial, and thereafter denied the motion for a new trial, which perhaps is another way of saying it did not believe the city's evidence was false or that it was guilty of any corruption. Just how this court is to determine to the contrary does not appear. If we were otherwise privileged to do so, there is no abstract of evidence from which we could make any such a finding. Further it appears the alleged false evidence and corruption pertained to a collateral matter. The question primarily at issue was whether there was a hole in the culvert at the particular intersection, had the city made it in improving the street, did the appellant step in it on the night of October 23, 1942, and sustain injuries, and if so, what were her damages? What direction the water came toward or left the culvert made no difference.

There is some slight inference the culvert was defective on October 23, 1942, and the work above mentioned was done to conceal the defect. We can only assume the same argument was made in the trial court, both before the jury and before the trial court on the motion for a new trial. If so, neither of them believed it. If not, and it is raised here for the first time, two answers suggest themselves—the complaint comes too late—there is nothing presented in the record that would warrant such an inference and conclusion. The record presented does not disclose there was any surprise which appellant could not guard against, nor that the city offered any false testimony, cumulative or otherwise, or was guilty of any corruption. The contention the trial court erred in denying the motion for a new trial is not sustained.

The specification of error based on newly discovered evidence is not argued and is treated as abandoned by the appellant.

The judgment of the trial court is affirmed.

BURCH, J., not participating.