Joseph H. McChesney *et al.*

*v.*

The City of Chicago.

*Filed at Ottawa March 28, 1896.*

1. Judgments—*cannot be vacated by court after term.* A judgment cannot be vacated by the court which rendered it, after the term at which it was rendered, except in obedience to the mandate of an appellate court on reversal.

2. Special assessments —*repeal of ordinance for assessment does not annul judgment of confirmation.* The repeal of an ordinance for a special assessment pending an appeal from a judgment confirming the assessment, does not justify the court in vacating the judgment after several terms of court have passed, notwithstanding the provision of the City and Village act that if an assessment shall be annulled or set aside a new assessment may be made.

3. Res judicata—*confirmation of special assessment—when a bar to new proceedings.* Judgment of confirmation, affirmed on appeal, bars a second judgment under a new ordinance for the same improvement, notwithstanding the repeal of the former ordinance and the attempted setting aside of the former judgment at a subsequent term, pending the appeal.

Appeal from the County Court of Cook county; the Hon. O. N. Carter, Judge, presiding.

On December 21, 1893, the city filed its petition for the assessment of the cost of constructing and laying a water supply-pipe on Yates avenue between Seventy-first and Seventy-fifth streets, based upon an ordinance dated November 20, 1893, for a six-inch cast-iron water supply-

pipe, of a weight of thirty-seven pounds per lineal foot, eight fire hydrants, two valves and a cross, as described. Appellants filed a written motion to dismiss, (which was overruled,) upon the ground that the matters sought to be litigated herein had already been adjudicated in case No. 14,488 of the county court, and upon the hearing of the motion they introduced in evidence the files and record of the latter suit, showing a petition by the city, filed August 25, 1892, for the assessment of the cost of constructing and laying a water supply-pipe on Yates avenue, between Seventy-first and Seventy-fifth streets, based upon an ordinance dated July 11, 1892, for an eight-inch cast-iron water supply-pipe, of a weight of fifty pounds per lineal foot, eight fire hydrants, two valves and a cross, as described; the report of commissioners to make an estimate of cost and order of approval; the assessment roll showing appellants' lots involved herein assessed therefor; appellants' objections; the order of the court overruling the objections; finding for the city; judgment of confirmation; appeal prayed by, allowed to and perfected by appellants to this court January 7, 1893, and the order of this court affirming said judgment, October 29, 1894; (see *McChesney* v. *City of Chicago*, 152 Ill. 543); also an order of the county court on December 7, 1893, on motion of petitioner, without notice to appellants, vacating and setting aside the judgment and all orders in said cause 14,488, annulling the assessment roll and dismissing the petition, the ordinance having been repealed November 20, 1893.

The motion to dismiss was overruled. Objections to the confirmation of the assessment were also overruled, and judgment was entered confirming the assessment under the second ordinance of November 20, 1893, as asked in the petition filed on December 21, 1893.

F. W. Becker, for appellant.

J. D. Adair, for appellee.

Mr. Justice Magruder delivered the opinion of the court:

We think that the motion to dismiss made by the appellants should have been granted. The former judgment, confirming an assessment for the same improvement involved in this proceeding, which was rendered on January 7, 1893, and affirmed by this court in an opinion filed on October 29, 1894, and reported in *McChesney v. City of Chicago*, 152 Ill. 543, is *res judicata*.

It is true, that the ordinance of July 11, 1892, upon which the former assessment was based, was repealed by the common council on November 20, 1893, while an appeal from the judgment of January 7, 1893, confirming the said assessment, was pending in this court. It is also true that, on December 7, 1893, the county court entered an order vacating the judgment of January 7, 1893, and dismissed the former petition filed August 25, 1892. But the county court had no power so to vacate the former judgment of confirmation, as several terms had passed since its rendition, and it was pending upon appeal in the Supreme Court. After the lapse of the term at which a judgment is rendered, the court has no authority to set the same aside or change the record, except in obedience to the mandate of the Appellate Court, on a reversal. It is well settled that after the close of the term, the court has no jurisdiction to vacate its judgments. (*Kelly v. City of Chicago,* 148 Ill. 90).

By the affirmance of the judgment of confirmation rendered on January 7, 1893, the former assessment was held to be valid. The same subject matter was involved in the former proceeding as in the present proceeding, and the same parties who were before the court there are before the court here. It follows, that the city is bound by the former judgment, and the same can be set up here as a former adjudication in bar of the present suit. (*Greeley v. Town of Cicero*, 148 Ill. 632; *Leopold v. City of Chicago*, 150 id. 568; *Chicago, Rock Island and Pacific Railway Co.*

v. *City of Chicago*, 143 id. 641; *Forsythe* v. *City of Chicago*, 62 id. 304).

Section 46 of article 9, part 1, of the City and Village act, which provides, that "if any assessment shall be annulled by the city council, or board of trustees, or set aside by any court, a new assessment may be made and returned," etc., has no application to a case where judgment has been rendered confirming the assessment, and several terms of court have passed, and such judgment has been affirmed upon appeal. That section contemplates cases where the proceedings are still *in fieri*. As was said by this court in *Union Building Ass.* v. *City of Chicago*, 61 Ill. 439, (on p. 444): "We will not impute to the legislature the intention of nullifying the judgments and decrees of courts of general jurisdiction in advance, when it would be beyond the constitutional power of that body to do so after they were made, and especially in relation to statutory proceedings to divest the citizen of his property without his consent."

This is not an abandonment of the improvement, but an attempt to abandon a valid assessment after judgment and after the term, and to substitute another assessment for the same or substantially the same improvement. To allow this to be done would be to "give undue advantage to one of the parties to the controversy and work a rank injustice to the citizen and property owners." (*Chicago, Rock Island and Pacific Railway Co.* v. *City of Chicago*, 143 Ill. 641). It would be "unjust and oppressive to the tax-payer and contrary to the principles of the common law, that he should be subjected to the annoyance and expense of defending against a multiplicity of proceedings of the same kind for the collection of a single tax." (*Andrews* v. *People*, 75 Ill. 605).

For the reason here stated the judgment of the county court is reversed, and the cause is remanded to that court for further proceedings in accordance with the views herein expressed.                    *Reversed and remanded.*