THE CITY OF CHICAGO

*v.*

ELEANOR F. NICHOLES *et al.*

*Opinion filed October 24, 1901.*

| 192 | 489 |
| e202 | 266 |
| 192 | 489 |
| 204 | 293 |
| 192 | 489 |
| 212 | 517 |

SPECIAL ASSESSMENTS—*section 56 of Local Improvement act of 1897 construed.* Section 56 of the Local Improvement act of 1897, providing that the city may, before the collection of a special assessment, dismiss its proceedings and vacate the judgments, has no application to judgments rendered in proceedings begun before the act of 1897 took effect, but such judgments are final and conclusive after the term at which they were rendered, so far as the power of the trial court to set them aside is concerned.

APPEAL from the County Court of Cook county; the Hon. WILLIAM T. HODSON, Judge, presiding.

CHARLES M. WALKER, Corporation Counsel, and DENIS E. SULLIVAN, for appellant.

HEREN, ROBERTSON & LONG, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

A judgment in this case confirming a special assessment against appellees' property to curb and pave a street in Chicago was reversed in *Nicholes* v. *City of Chicago,* 184 Ill. 43, because of the refusal of the trial court to set aside the judgment, which was rendered by default after the death of appellees' ancestor who was the owner of the property, and to let in appellees, his heirs, to defend. After the cause was remanded, and upon the trial, appellees gave in evidence, under their objections, the record of a former assessment proceeding and a judgment of confirmation against appellees' property under a former ordinance of the city to pave the street in question with wooden blocks. The petitioner then gave in evidence its subsequent ordinance, under which its petition was filed, for an assessment to pave the street with asphalt, which last named ordinance provided for the repeal of all ordinances in conflict therewith. It also gave in evidence an order of the county court purporting to vacate and set aside the former judgment and to dismiss the proceedings after the proceedings in this case were begun and the judgment of confirmation (which was reversed on the former appeal) was rendered. The court below held such former judgment was a bar to the entry of another judgment and dismissed the petition as to appellees' property. The appellant contends that in so deciding the court was in error. We are of the opinion that no error was committed. The order purporting to vacate and set aside the former judgment was made long after and at a term subsequent to the one at which such judgment was rendered, and, as we have formerly held, the court had no power to vacate it. *McChesney* v. *City of Chicago,* 161 Ill. 110; *People* v. *McWethy,* 165 id. 222; *Illinois*

*Central Railroad Co.* v. *City of Champaign*, 163 id. 524; *Rich* v. *City of Chicago*, 187 id. 396.

It is, however, insisted by appellant that section 56 of the Local Improvement act of 1897 (Laws of 1897, p. 121,) confers such power. That section is as follows: "The judgments of the court shall be final as to all the issues involved, and the proceedings in said cause shall be subject to review by appeal or writ of error as hereinafter provided, and not otherwise: *Provided, however*, that by mutual consent the same may be vacated or modified at a subsequent term, except as hereinafter provided. Such judgments shall have the effect of several judgments as to each tract or parcel of land assessed, and no appeal from any such judgment or writ of error shall invalidate or delay the judgments, except as to the property concerning which the appeal or writ of error is taken. Such judgments shall be a lien upon the property assessed from the date thereof, to the same extent and of equal force and validity as a lien for the general taxes, for a period of five years, if such assessment is payable in a single sum; if payable by installments, then until five years after the last installment comes due. Nothing in this section contained shall interfere with the right of a petitioner to dismiss its proceedings, and for that purpose to vacate such judgment at its election at any time before commencing the actual collection of such assessment: *Provided*, that after the contract for the work shall have been entered into, or the bonds mentioned in this act issued, no judgment shall be vacated or modified or any petition dismissed at a term subsequent to that at which the judgment was rendered, nor the collection of the assessment be in any way stayed or delayed by the council or board of trustees or board of local improvements, or any officer of the municipality, without the consent of the contractor and bondholder."

In *McChesney* v. *City of Chicago*, 188 Ill. 423, we held that "the true construction of these provisions of the section

is, that the judgments confirming assessments of benefits are final unless reversed on appeal or by writ of error, or vacated or modified by mutual consent of the parties thereto, or the petitioner shall determine to abandon the construction of the proposed improvement and dismiss the proceedings under the ordinance, in which latter event the petitioner may procure such judgments to be vacated." The only evidence of an abandonment of the scheme to pave with wooden blocks was the passage of the new ordinance and the institution of the new proceeding to pave with asphalt and the vacation of the former judgment after the rendition of the new one. Whether such evidence would be sufficient to authorize the second proceedings where both were had under the act of 1897 we need not inquire, for the reason that the proceedings and judgment referred to in section 56 are clearly such as are had and taken under such act and not under the former statute. Section 56 does not purport to confer power to vacate a judgment not rendered under the act of 1897. In the case at bar the former proceedings and judgment attempted to be set aside were had and taken under the former statute, under which, as we have uniformly held, the court lost jurisdiction, and the judgment became final and conclusive after the term at which it was rendered. The same was true in *Rich* v. *City of Chicago, supra.* While the judgments attempted to be vacated may have been rendered after the act of 1897 came in force, still, the proceedings having been begun prior thereto, the former act continued to apply by virtue of the express provision of section 99 of said act of 1897. It does not appear that said section 56 was adverted to by court or counsel in the *Rich case*, but had it been, the result must have been the same, for the reasons stated.

We are of the opinion that the former judgment was a bar, and the court below committed no error in so deciding. The judgment must be affirmed.

*Judgment affirmed.*