ABRAM F. DOREMUS *et al.*

*v.*

THE CITY OF CHICAGO.

</div>

*Opinion filed October 24, 1904—Rehearing denied Dec. 13, 1904.*

SPECIAL ASSESSMENTS—*refusing judgment of sale does not set aside confirmation judgment.* The denial of judgment of sale for a delinquent special assessment is not a setting aside of the judgment of confirmation, within the meaning of section 57 of the Local Improvement act of 1897, authorizing a new assessment when the original assessment has been set aside by the court.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

On January 8, 1893, the city council of the city of Chicago passed an ordinance for the improvement of West Madison street from Crawford avenue to West Forty-sixth street. A petition was filed in the county court for the levy of a special assessment to pay for the same, and on July 11, 1893, a judgment of confirmation was rendered. The city proceeded to let the contract and complete the work. At the July term, 1895,

of said county court application was made by the county collector for judgment and order of sale of appellants' property for the delinquent installment of said assessment then due. Objections were filed by appellants which went to the validity of the assessment and the jurisdiction of the county court in confirming the same, which objections were sustained by the court and the order of sale was refused. The particular ground upon which the sale was denied does not further appear. In 1897 and 1898 applications for judgment and order of sale were again made on the collector's warrant for the same assessment but subsequently withdrawn. In 1899 another application was made and judgment and order of sale refused. On March 3, 1903, a new ordinance was passed by the city council which recited the prior proceedings; that the work was done under contract; that a balance was unpaid; that the county court had refused judgment of sale on the original assessment as to certain lots; that the ordinance ordering said assessment was defective, by reason of which the owners had not paid their fair portion of the cost of the improvement, and it was ordered that a new assessment be made and the old assessment annulled. A petition was filed in the county court for the levy of a second assessment under the latter ordinance. Five objections were filed by the appellants, as follows: First, that the new ordinance and assessment roll improperly included $3000 interest and $1174.88 costs; second, that the proceedings fall under section 48 of the act of 1872 or under section 60 of the act of 1897, and not under section 46 of the act of 1872 or under section 57 of the act of 1897, and consequently were barred by the five year Statute of Limitations; third, that the words in the ordinance of 1903, "and the said original assessment be and the same is hereby annulled," were nugatory for the purpose of bringing it within section 46 or section 57; fourth, that the judgment of the county court of 1895 did not declare the original ordinance defective nor set the assessment aside; fifth, that the city was guilty of

*laches.* Upon a hearing on the new assessment roll the county court ordered it re-cast so as to eliminate the $3000 of interest and $207.10 of the costs, and overruled the other objections and confirmed the assessment as re-cast. Thereupon this appeal was perfected by appellants.

KERR & KERR, (RICHARD S. THOMPSON, JOHN J. SWENIE, and T. F. MONAHAN, of counsel,) for appellants.

WILLIAM M. PINDELL, (EDGAR B. TOLMAN, Corporation Counsel, and ROBERT REDFIELD, of counsel,) for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

It is insisted by the city, appellee, that the action of the county court in refusing judgment and order of sale in 1895 was, in effect, a setting aside of the original assessment, rendering the confirmation void, and thus authorized appellee to pass a new ordinance and levy a new assessment under section 57 of the Local Improvement act of June 14, 1897. On the other hand, it is insisted by appellants that the proceedings to make the new assessment could only have been under the provisions of section 60 of the act of 1897, and that under it the new assessment was void because not made within five years after the confirmation of the original assessment, and is therefore barred by the Statute of Limitations.

Section 46 of the act of 1872 is substantially identical with section 57 of the act of 1897, as follows: "If any assessment shall be annulled by the city council or board of trustees, or set aside by any court, a new assessment may be made and returned, and like notice given and proceedings had as herein required in relation to the first," etc. (Hurd's Stat. 1903, p. 404.) Section 48 of the act of 1872 is substantially identical with section 60 of the act of 1897, and is as follows: "If from any cause any city  *  *  *  shall fail to collect the whole or any portion of any special as-

sessment * * * which may be levied; which shall not be canceled or set aside by the order of any court, * * * the city council * * * may, at any time within five years after the confirmation of the original assessment, direct a new assessment to be made upon the delinquent property for the amount of such deficiency and interest thereon from the date of such original assessment, which assessment shall be made, as nearly as may be, in the same manner as is herein prescribed for the first assessment."

The sole contention of counsel for the city is that the present new assessment was made under section 57, because the county court, by refusing to render said judgment and order of sale, did, in effect, set aside the first assessment. We do not think this contention can be sustained or that it is in harmony with the decisions of this court. In the first place, several terms of the county court had elapsed between the confirmation of the original assessment and order denying the sale, and therefore the court would have been without jurisdiction to set aside the judgment of confirmation if the proceedings had been for that purpose. In the case of *Mc-Chesney* v. *City of Chicago,* 161 Ill. 110, it was said: "A judgment cannot be vacated by the court which rendered it, after the term at which it was rendered, except in obedience to the mandate of an Appellate Court on reversal. The repeal of an ordinance for a special assessment pending an appeal from a judgment confirming the assessment does not justify the court in vacating the judgment after several terms of court have passed, notwithstanding the provisions of the City and Village act that if an assessment shall be annulled or set aside a new assessment may be made. Judgment of confirmation affirmed on appeal bars a second judgment under a new ordinance for the same improvement, notwithstanding the repeal of the former ordinance and the attempted setting aside of the former judgment at a subsequent term, pending the appeal." In the case of *People* v. *McWethy,* 165 Ill. 222, it was again said (p. 224): "The

judgment of confirmation of the assessment under the first ordinance was a final judgment, and remained in full force and effect notwithstanding the ordinance of July, 1892, and the court which rendered it could not set it aside or deny its binding force at a subsequent term, but the court, as well as the city and all parties to it, was bound by it." To the same effect is *City of Chicago* v. *Nicholes,* 192 Ill. 489. But even if this were not so, the application for an order of sale was collateral to the judgment of confirmation and in no sense a proceeding to set aside that judgment.

This case is distinguishable from those like *Murray* v. *City of Chicago,* 175 Ill. 340, in which the ordinance was void upon its face for want of power in the city council to pass it. We think it clear, in this case, that the order of the county court refusing judgment and order of sale did not have the effect of setting aside the original assessment within the meaning of section 57, *supra.* That assessment is, so far as shown by this record, in full force and effect, and the city council was without power to pass the new ordinance levying a second assessment under that section. The only authority given it to do so must be found in section 60, under which it could only have done so within five years from the confirmation of the original assessment. Having failed to act within the time required by the statute it was barred and its action without force or effect.

Several other questions are raised on the record by appellants, but as the foregoing conclusion disposes of the case it will be unnecessary to consider them.

The county court erred in overruling appellants' second objection and confirming the assessment, and its judgment will therefore be reversed and the cause remanded to the county court with directions to dismiss the petition.

*Reversed and remanded, with directions.*