Thomas Oskvarek, a Minor, by Rose Janovsky, His Mother and Next Friend, Plaintiff-Appellee, v. George Richter, Defendant-Appellant, and John Heffernan, and Charles Hodapp, Defendants.

Gen. No. 48,381.

First District, Second Division.

November 14, 1961.

Rehearing denied December 12, 1961.

George F. Barrett, of Chicago (Zachary D. Ford, Jr., and Edward Wolfe, of counsel), for appellant.

Powers McGuire, of Chicago (Francis X. Riley, of counsel), for appellee.

MR. JUSTICE BURKE delivered the opinion of the court:

On March 31, 1960, plaintiff filed a complaint in the Town Court of Cicero against George Richter, John Heffernan and Charles Hodapp alleging that on December 24, 1959, he was a fare-paying passenger in a motor vehicle operated by George Richter, and that he suffered personal injuries in a collision of three automobiles in Chicago. He averred that he was in the exercise of due care for his own safety and that the injuries were proximately caused by the negligence of the three defendants. On April 14, 1960, a summons was served on John Heffernan, on June 7, 1960, on George Richter and on June 23, 1960, on Charles Hodapp. None of the defendants was served or found in Cicero and none was a resident of Cicero. They were served at their residences in Chicago.

On August 5, 1960, on motion of plaintiff, a default judgment for $20,000 was entered against Heffernan. On August 12, 1960, a default was entered against Richter. On September 9, 1960, a verdict was returned assessing plaintiff's damages at $20,000 against Richter and Heffernan jointly and severally, and on the same day judgment was entered on the verdict. On September 21, 1960, on motion of plaintiff, the court vacated the judgment against Heffernan nunc pro tunc as of August 5, 1960. On November 23, 1960, Richter filed a motion to vacate the default order entered against him on August 12, 1960, the "purported" judgment entered on September 9, 1960, and for "dismissal" of the action as to him on the grounds that when plaintiff took judgment on August 5, 1960 against Heffernan the effect was to dismiss the action against Richter and Hodapp, and that the Town Court of Cicero lacked venue and jurisdiction as the defendants resided and were served in Chicago, and the collision out of which the action arose occurred in Chicago. On November 23, 1960, the court denied Richter's motion. He appeals.

Appellant asserts that when plaintiff took judgment against Heffernan alone on August 5, 1960 (all defendants having been served with process) the effect was to dismiss the action against Richter and Hodapp, citing Chmielewski v. Marich, 350 Ill App 379, 382, 113 NE2d 210 (affd 2 Ill2d 568, 119 NE2d 247); Martinez v. Seymour, 348 Ill App 112, 108 NE 2d 30; Davis v. Taylor, 41 Ill 405; Illinois Cent. R. Co. v. Foulks, 191 Ill 57, 60 NE 890; McDonald v. Judson, 97 Ill App 414; Lynch v. City of Chicago, 152 Ill App 160; and Postal Telegraph Cable Co. v. Likes, 225 Ill 249, 80 NE 136; and other cases. He states that the provisions of the Civil Practice Act have not changed the common law rules with respect to the entry of judgments in tort cases, citing Michels v.

Bezley, 12 Ill App2d 456, 459, 140 NE2d 134. He maintains that on September 21, 1960, the court had no authority to vacate the judgment of August 5, 1960 against Heffernan, stating the well-known rule that an amendment of the record after the expiration of the term must be based on some note or memorandum from the records or quasi-records of the court, or the judge's minutes, or an entry in a book required by law to be kept, or in the papers on file in the case, and that it cannot be determined from the memory of witnesses or the recollection of the judge. McCord v. Briggs & Turivas, 338 Ill 158, 164, 170 NE 320; Martinez v. Seymour, 348 Ill App 112, 108 NE2d 30; Wilson v. Fisher, 369 Ill 538, 542, 17 NE2d 216; Watson v. Watson, 11 Ill App2d 196, 200, 136 NE2d 530. This defendant concludes that as the court "lacked venue to hear the case, it should have either dismissed or transferred the cause to a court of proper venue."

■ It will be noted that Richter was served with a summons on June 7, 1960, and that a default order was entered against him on August 12, 1960. A verdict was returned against him and judgment entered on August 12, 1960. He took no notice of the judgment until the filing of his motion on November 23, 1960. Section 8 of the Civil Practice Act [Ill Rev Stats 1959, c 110, § 8] provides that no action shall abate or be dismissed because commenced in the wrong venue or court if there is a proper venue or court of competent jurisdiction to which the cause may be transferred, that all objections of improper venue are waived by defendant unless a motion to transfer to a proper venue is made by him on or before the date upon which he is required to appear or within any further time that may be granted him, with exceptions not relevant in this case. Richter did not follow the requirements of Section 8 by moving to transfer to a proper venue on or before the date upon which he was

441

required to appear or within any extended period granted him. Consequently he waived the improper venue. Had he moved with diligence, it would have been the duty of the court to transfer the cause to the Circuit or Superior Court. See People ex rel. Norwegian American Hospital, Inc. v. Sandusky, 21 Ill2d 296, 171 NE2d 640.

 Section 50(6) of the Civil Practice Act provides that the court may in its discretion, before final judgment, set aside any default and may on motion filed within 30 days after entry thereof set aside any final judgment upon any terms and conditions that shall be reasonable. A court has no power to vacate a judgment more than 30 days after its entry. City of Chicago v. Nicholes, 192 Ill 489, 61 NE 434; McChesney v. City of Chicago, 161 Ill 110, 43 NE 702; Steinhagen v. Trull, 320 Ill 382, 151 NE 250; Schmahl v. Aurora Nat. Bank, 311 Ill App 228, 35 NE2d 689. Defendant's motion was filed on November 23, 1960, 75 days after the September 9, 1960, judgment was entered against him. Under Section 76 of the Civil Practice Act he could not appeal after the expiration of 60 days from the entry of the judgment against him. He did not appeal. The motion which he filed on November 23, 1960, his first appearance in the case, did not mention that he was proceeding under the provisions of Section 72 of the Practice Act. This section deals with relief from final orders, judgments and decrees after 30 days from the entry thereof. If we assume that Richter sought relief under Section 72 heretofore available under a petition in the nature of a writ of error coram nobis, he did not present any ground for relief. This section applies only to errors of fact and not to errors of law committed by the trial court. Department of Revenue v. Joch, 410 Ill 308, 102 NE2d 155. In Jerome v. 5019–21 Quincy St. Bldg. Corp., 385 Ill 524, 53 NE2d 444, where alleged error in

prematurely entering a default judgment was based on facts of record when judgment was entered, it was held that a question of law was presented as to construction of a rule relating to timely service of summons, and relief under Section 72 was not available. It has been held that a motion in the nature of a writ of error coram nobis cannot be used as a substitute for an appeal. Jerome v. 5019–21 Quincy St. Bldg. Corp., supra; City of Chicago v. Roth, 322 Ill App 696, 54 NE2d 647 (Abst.). In the instant case the trial judge knew the facts. It is obvious that should the courts permit the use of Section 72 for the relief of errors reviewable by appeal that the limitation in time for prosecuting an appeal would become ineffective. The points which appellant makes could be reached only by a motion within 30 days or an appeal from the judgment of September 9, 1960. We are of the opinion that defendant's motion of November 23, 1960, does not disclose any ground for relief under Section 72 of the Civil Practice Act. Therefore the order of November 23, 1960, denying appellant's motion is affirmed.

Order affirmed.

FRIEND, P. J. and BRYANT, J., concur.