*In re* Petition of PAUL DOLAN, Petitioners-Appellee.—(WINDSOR FIRE PROTECTION DISTRICT, Respondent-Appellant.)

(No. 11433;

Fourth District—February 1, 1972.

William L. Turner, of Shelbyville, for appellant.

McLaughlin & Stone, of Sullivan, (James M. McLaughlin, Joseph V. Florini, Jack E. Horsley and Richard F. Record, Jr., all of counsel,) for appellee.

Mr. JUSTICE VERTICCHIO delivered the opinion of the court:

This case involves an appeal from a decree of the circuit court of Moultrie County concerning a petition filed by certain citizens to disconnect their property from the Windsor Fire Protection District located in Shelby and Moultrie Counties, hereafter referred to as Windsor, and to annex said property to the Sullivan Fire Protection District located in Moultrie County, hereafter referred to as Sullivan. The petition was filed on August 20, 1969. Windsor, through its attorney, filed objections to said petition, which objections were overruled on December 17, 1969.

Thereafter, on December 29, 1969, the circuit court of Moultrie County entered a decree setting the matter for a referendum submitting the issue to the electorate pursuant to secs. 21 and 37 of ch. 127½, Ill. Rev. Stat. (1969).

The election was called for February 21, 1970, between the hours of 12 o'clock noon and 6 o'clock P.M. Subsequently, affidavits were filed to establish compliance with the election procedures.

On February 17, 1970, a motion was filed by the petitioners to vacate the decree of December 29, 1969, on the grounds there had been an error in defining the election precincts for the area involved. This petition was denied on April 24, 1970.

On February 17, 1970, the election was cancelled by notice of the petitioners' attorney without an agreement between the parties nor court authority for the cancellation.

On July 28, 1970, a petition for modification of the decree of December 29, 1969 was filed under the provisions of sec. 72 of the Civ. Pr. Act. On August 21, 1970, a motion to dismiss the petition was denied, and on the same date the decree was modified with the appropriate election changes being made. The referendum date was reset for Octobr 17, 1970.

A notice of appeal was timely filed and a *supersedeas* was entered on September 25, 1970.

The election was not held. The appeal to this court is on the issue as to whether or not the trial court had authority under provisions of sec. 72 of the Civ. Pr. Act to modify the original decree.

■■ At first blush it would appear that the appeal should be dismissed because the election date had passed, leaving a moot question, and an issue will not be decided merely for the purpose of setting a precedent. (*People v. Village of Oak Park*, 356 Ill. 154.) Careful deliberation and scrutiny of the true issue reveals that the date of the election is not the issue before this court, but the issue is whether the trial court had authority under sec. 72 to modify the original decree.

This court does not have the benefit of the court's findings as to its

order of April 24, 1970, denying the petitioners' motion to vacate the decree of December 29, 1969, filed on February 17, 1970. The motion alleged that the decree referred to certain territory as the Village of Bruce, an incorporated village; that the corporate boundaries of the Village of Bruce were designated as Precinct Number One for the purpose of the election. The motion further alleged that the said Village of Bruce is not incorporated and, therefore, there are no corporate boundaries. The petitioners, in their motion, prayed for an order vacating the decree entered on December 29, 1969, and for the entry of a new decree establishing and fixing the boundaries of one or more voting precincts within the territory involved in the proceedings and the polling place for each precinct, and for the appointment of three judges for each polling place, and fixing and establishing the date of said election.

As hereinabove indicated, the court did not make any findings or reasons for denying the motion to vacate the decree.

■■ This court, in attempting to fill in the void, takes judicial notice of the fact that the original decree was entered on December 29, 1969, and the motion to vacate was filed on February 17, 1970, which is more than thirty days later. Thus the trial court lost jurisdiction to vacate the decree pursuant to sec. 50(5) of the Civ. Pr. Act. The respondents contend that the remedy provided for under sec. 72 of the Civ. Pr. Act was not available to the petitioners. In support of this position they argue that since the same parties were involved and all the questions were fully litigated, the petitioners are attempting to use sec. 72 as an appeal, that the issue once litigated may not be relitigated. *Oskvarek v. Richter,* 32 Ill.App.2d 438, 178 N.E.2d 209.

Sec. 72, par. 1, provides:

"Relief from final orders, judgments and decrees, after 30 days from the entry thereof, may be had upon petition as provided in this section. Writs of error *coram nobis* and *coram vobis,* writs of *audita querela,* bills of review and bills in the nature of bills of review are abolished. All relief heretofore obtainable and the grounds for said relief heretofore available, either at law or in equity, whether by any of the foregoing remedies or otherwise, shall be available in every case, by proceedings hereunder, regardless of the nature of the order, judgment or decree from which relief is sought or of the proceedings in which it was entered. There shall be no distinction among actions at law, suits in equity and other proceedings, statutory or otherwise, as to availability of relief, grounds for relief or the relief obtainable."

In *Ellman v. DeRuiter,* 412 Ill. 285, 106 N.E.2d 350, the court held that sec. 72 petitions are addressed to the equitable powers of court and the

fact that the particular relief sought may not have been recognized in the common law antecedents of sec. 72 is not bar to relief.

In *Brockmeyer v. Duncan*, 18 Ill.2d 502 (at 504), 165 N.E.2d 294, the court stated:

"Section 72 of the Civil Practice Act, which substitutes a simple remedy by petition for various forms of post-judgment relief theretofore available, enables a party to bring before the court rendering a judgment matters of fact not appearing in the record which, if known to the court at the time the judgment was entered, would have prevented its rendition; and procedings thereunder are governed by rules and principles heretofore announced by this court."

In *Glenn v. The People*, 9 Ill.2d 335 (at 340), 137 N.E.2d 336, the court lists the nature of errors of facts which the petition under sec. 72 may be employed to correct: such matters as the death of one of the parties pending in this suit before judgment; infancy where the party was not properly represented by a guardian; coverture, where the common law disability still exists, etc.

Justice Davis, in his article, "The Scope of Section 72 of the Civil Practice Act", 55 Ill. B.J. 820, 829-830 (June 1967), stated:

"It is well that the limits under which relief may be granted pursuant to Section 72 are not precisely defined and have not yet been plumbed. Such boundaries should be flexible to afford growth and development under the philosophy that the desire to achieve substantial justice, viewed in the perspective of the importance of the finality and stability of judgments, will indicate when relief of judgments may be granted.

"The capacity of the common law to preclude injustice, as developed through the provisions of Section 72, sustains the view that the genius and glory of the common law lies in its responsiveness of the existing realities of our dynamic and changing society and to its awareness of the value of stability and finality, without being irrevocably committed to outworn precedent." Davis, at p. 830.

 It is the opinion of this court that the error of fact in describing the Village of Bruce as incorporated in the decree of December 29, 1969, is a matter of fact not appearing in the record, which, if known to the court at the time the judgment was entered, would have prevented the court from entering the said judgment. The contention that the order of the court of April 24, 1970, denying the petition to vacate filed on February 17, 1970, precludes the petitioners from proceeding under sec. 72 of the Civ. Pr. Act is not tenable. The order of April 24, 1970 was limited to a jurisdictional question and did not decide the justiciable

issue set out in the plaintiff's petition for modification of decree filed July 28, 1970.

For the reasons stated, the judgment of the circuit court is affirmed and the cause remanded with directions to set a date for the election.

Affirmed, remanded with directions.

TRAPP, P. J., and CRAVEN, J., concur.