ROBERT HOWELL, Plaintiff-Appellee, *v.* FREDERICK BORGSMILLER, d/b/a Grandpa John's *et al.*, Defendants-Appellants.

Fifth District   No. 79-313

Opinion filed September 9, 1980.

Reed, Armstrong, Gorman & Coffey, of Edwardsville (Thomas O. Falb, of counsel), for appellants.

Law Offices of William W. Schooley, of Granite City, for appellee.

Mr. JUSTICE KASSERMAN delivered the opinion of the court:

This appeal results from a personal injury action which was instituted in Madison County by the plaintiff, Robert Howell, against TABCO Industries, Inc. (TABCO), and Frederick Borgsmiller, d/b/a Grandpa John's General Merchandise (Borgsmiller). Damages were sought under the Structural Work Act (Ill. Rev. Stat. 1977, ch. 48, par. 60 *et seq.*) for injuries sustained by plaintiff while performing services as an ironworker on the construction site of Grandpa John's at which TABCO was the general contractor and Borgsmiller was the contracting employer.

TABCO moved to transfer venue, alleging that venue was improperly laid in Madison County. A hearing was held on January 26, 1979, at which the transfer motion was denied because of TABCO's failure to appear for argument on the motion. Simultaneously the court held defendant Borgsmiller to be in default on plaintiff's motion because of his failure to answer or otherwise appear in the cause.

TABCO immediately filed a motion to reconsider its motion for a change of venue on the ground that it had not received notice of the hearing on its motion. Within 30 days of the entry of the order of default, defendant Borgsmiller filed a motion to set aside the default and alleged that he had a meritorious defense, that plaintiff would not be prejudiced by the vacation of the default order, and that the nonappearance was unintentional due to his good faith belief that his insurance company was handling the matter.

On February 16, 1979, the court granted defendant Borgsmiller's

motion to set aside the default and gave him leave to file a motion to transfer venue within 21 days. The 21-day period expired on Friday, March 9; however, Borgsmiller's motion to transfer venue was not filed until the following court day, Monday, March 12.

Both Borgsmiller and TABCO filed motions to reconsider the denial of the motions for change of venue, alleging due diligence in filing, prejudice to them in terms of inconvenience and expense, lack of any compelling reason to set a 21-day response period, and the fact that the motion was only one court day late.

At the hearing on the motion to reconsider the order denying the motion of Borgsmiller for a change of venue, the court reaffirmed its denial on the basis that defendant Borgsmiller had once been found in default for failure to plead and that he had again failed to plead within the time period set by the court after the default order was vacated. The court further held that as a result of the motion relating to his initial default, Borgsmiller had subjected himself to the jurisdiction of the court. The court did not elaborate on its reasons for the denial of TABCO's motion to reconsider its motion for a change of venue.

Borgsmiller then filed a motion for interlocutory appeal under Supreme Court Rule 308 (Ill. Rev. Stat. 1977, ch. 110A, par. 308), contending that the denial of his motion for transfer involved a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal would materially advance the ultimate termination of the litigation. He further alleged that the court's ruling resulted in the denial of proper venue to his co-defendant as well and that early determination would save both time and money.

Plaintiff, in response to defendant's motion for interlocutory appeal, urged the court to deny the motion on the grounds that the defendant waived his right to object to venue if he does not do so at the earliest possible moment, and that Borgsmiller's being found in default for failure to answer after valid service of process is such a failure to timely object. Defendant Borgsmiller argues that a party whose order of default has been vacated is in the same position as if the default had never been rendered, thus eliminating the contention that he filed other pleadings before contesting venue. He further asserted that since section 8 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 8) permits a defendant to object to venue "within any further time that may be granted him" beyond the time required for appearance, and since the trial court did grant such an extension, the subsequent denial of its motion because it was filed one day late was erroneous.

The trial court granted the motion for interlocutory appeal, certifying the question of law as being whether a defendant who was in default can

subsequently file a motion to transfer venue. Borgsmiller's application to this court for leave to appeal under Supreme Court Rule 308 (Ill. Rev. Stat. 1977, ch. 110A, par. 308) was granted and this appeal resulted.

Borgsmiller raises two issues on appeal: (1) whether a defendant who was in default can subsequently file a motion to transfer venue; and (2) whether Madison County is the proper venue for this personal injury suit.

The question of law certified by the court, and the first issue raised by Borgsmiller on appeal, does not correctly address the controversy resulting from the orders of the trial court and need not be considered by us.

Whether Borgsmiller would have been precluded from filing a motion for change of venue or not as a result of his having filed a motion to vacate his default, the record establishes that Borgsmiller was, in fact, given an opportunity to contest venue subsequent to his being adjudged to be in default; therefore, he cannot complain that he was denied permission to file a motion for change of venue. The order of February 16, 1979, set aside the order of default and granted Borgsmiller leave to file a motion for change of venue within 21 days. Borgsmiller failed to file the motion within this time. It cannot be said that Borgsmiller was denied an opportunity to contest venue; he was, and did not avail himself of the opportunity which the court afforded him.

Next, Borgsmiller asserts that Madison County was not a proper venue to bring this action. Regardless of whether the trial court properly granted Borgsmiller leave to contest venue by granting him 21 days to file a motion to transfer, he waived his right to object to venue by failing to file his motion to transfer within the period granted him by the court. Section 8 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 8) states in pertinent part:

"(2) All objections of improper venue are waived by a defendant unless a motion to transfer to a proper venue is made by him on or before the date upon which he is required to appear or within any further time that may be granted him to answer or move with respect to the complaint, * * *."

This court has had occasion to consider the provisions of section 8(2) and has held that objections as to venue are deemed waived if not timely presented. *Turner v. Commonwealth Edison Co.* (1978), 63 Ill. App. 3d 693, 380 N.E.2d 477.

In *Oskvarek v. Richter* (1961), 32 Ill. App. 2d 438, 178 N.E.2d 209, the court was presented with a controversy arising out of the application of section 8 of the Civil Practice Act. There, suit was filed against defendant in the town court of Cicero and defendant was served with summons on June 7, 1960, in Chicago. An order of default was entered against defendant on August 12, 1960, and on the same day a verdict was rendered against him.

Judgment was entered on the verdict. On November 23, 1960, defendant filed a motion to vacate the default order and judgment entered against him and for "dismissal" of the suit on the grounds that the court lacked venue and jurisdiction because he was a resident of Chicago and the collision out of which the action arose occurred in Chicago. Defendant appealed the order of the trial court denying his motion. It was there held that defendant "did not follow the requirements of Section 8 by moving to transfer to a proper venue on or before the date upon which he was required to appear or within any extended period granted him. Consequently he waived the improper venue." (*Oskvarek v. Richter* (1961), 32 Ill. App. 2d 438, 441-42, 178 N.E.2d 209, 211.) This decision is dispositive of the instant appeal.

On the basis of the record before us, we conclude that Borgsmiller did not properly preserve his right to object to venue. He failed to object on the basis of improper venue on or before the date upon which he was required to appear; and, when granted leave to file a motion to transfer venue, he did not move for a change of venue within the further time granted to him by the court.

We recognize that section 8 of the Civil Practice Act provides that objections to venue are waived unless defendant moves to transfer to a proper venue on or before the date upon which he is "required to appear" or within any further time that the court may grant him "to answer or move with respect to the complaint." However, for this court to hold that the trial court would be required to grant defendant leave to file an answer or move with respect to the complaint rather than to grant, as it did, leave to move to transfer venue in order to effect a waiver of any objection as to venue would be to prefer form over substance. Defendant was expressly permitted to object to venue within 21 days after the court's order. This he did not do.

For the foregoing reasons, we affirm the order of the Circuit Court of Madison County denying the motion to transfer venue.

Affirmed.

HARRISON and SPOMER, JJ., concur.